Dissenting opinion filed by Circuit Judge PLAGER.
DYK, Circuit Judge.
Laurence Fedora petitions for review of a final order of the- Merit Systems Protection Board (“Board”) dismissing his appeal for lack of jurisdiction. Because Mr. Fedora failed to timely file his petition for review with this court within 60 days after the Board issued notice of its final order, we dismiss his petition for review for lack of jurisdiction. See 5 U.S.C. § 7703(b)(1)(A).
Background
Mr. Fedora began his employment with the United States Postal Service in 1980. He was employed as a Mail Handler in the Portland Processing and Distribution Center at the time of his retirement on August 31, 2012. On April 27, 2013, Mr. Fedora filed an appeal with the Board alleging that his retirement was involuntary and amounted to constructive discharge. He claimed that he was forced to perform work in violation of his medical restrictions, was harassed, and was improperly threatened with removal and loss of his pension.
On August 12, 2013, the administrative judge (“AJ”) found that Mr. Fedora had failed to make a non-frivolous allegation that his retirement was involuntary and dismissed his appeal for lack of jurisdiction. Mr. Fedora then filed a petition for review by the Board.
On August 15, 2014, the Board issued a final order affirming the initial decision by the AJ. The Board’s final order stated that Mr. Fedora had “the right to request review of [its] final decision by the United States Court of Appeals for the Federal Circuit” and that the “court must receive [his] request for review no later than 60 calendar days after the date of [the Board’s] order.” App. 36. He filed a petition for review in this court on October 20, 2014. His petition for review was filed within 60 days of his receipt of the order (August 19, 2014),[1] but not within 60 days of issuance of the notice (August 15, 2014).
Discussion
I
This court has jurisdiction to review final decisions by the Board pursuant to 28 U.S.C. § 1295(a)(9) and 5 U.S.C. § 7703(b)(1)(A). However, this jurisdiction is circumscribed by the terms of § 7703(b)(1)(A), which provides: “[Notwithstanding any other provision of law, any petition for review shall be filed within 60 days after the Board issues notice of the final order or decision of the Board.” We have previously held that the requirements of this provision are “statutory, mandatory, [and] jurisdictional,” Monzo v. Dep’t of Transp., 735 F.2d 1335, 1336 (Fed. Cir. 1984), and that “[e]omplianee with the *1015 filing deadline of 5 U.S.C. § 7703(b)(1) is a prerequisite to our exercise of jurisdiction,” Oja v. Dep’t of the Army, 405 F.3d 1349, 1360 (Fed. Cir. 2005).
The dissent suggests that these cases are no longer good law because the Supreme Court in recent .years has recognized that not all statutory time limits are properly characterized as ' jurisdictional. We think that those cases do not undermine our holdings that the appeal period of § 7703(b)(1) is jurisdictional. Many of the Supreme Court’s cases cited by the dissent hold generally that limitations periods (“claims-processing rules”) are not jurisdictional. See, e.g., United States v. Kwai Fun Wong, — U.S. -, 135 S.Ct. 1625, 1638, 191 L.Ed.2d 533 (2015) (holding that the time limits for filing a claim against the United States under the Federal Tort Claims Act “are nonjurisdictional and subject to equitable tolling”); Irwin v. Dep’t of Veterans Affairs, 498 U.S. 89, 95-96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990) (holding that there is a rebuttable presumption that the statutory time limit for filing a Title VII suit against the United States after final agency action is subject to equitable tolling). Those cases do not concern appeal periods. Appeal periods to Article III courts, such as the period in § 7703(b)(1), are controlled by the Court’s decision in Bowles v. Russell, 551 U.S. 205, 127 S.Ct. 2360, 168 L.Ed.2d 96 (2007).
In Bowles, the Supreme Court reaffirmed that “the taking of an appeal within the prescribed time is ‘mandatory and jurisdictional.’ ” 551 U.S. at 209, 127 S.Ct. 2360 (quoting Griggs v. Provident Consumer Disc. Co., 459 U.S. 56, 61, 103 S.Ct. 400, 74 L.Ed.2d 225 (1982)). The Court recognized that “several ... recent decisions have undertaken to clarify the distinction between claims-processing rules and jurisdictional rules, [but concluded that] none of them calls into question [the Court’s] longstanding treatment of statutory time limits for taking an appeal as jurisdictional.” Id. at 210, 127 S.Ct. 2360. Accordingly, the Court held that compliance with the appeal period prescribed in 28 U.S.C. § 2107(c) is jurisdictional and not .subject to equitable tolling or the unique circumstances doctrine. Id. at 212-14, 127 S.Ct. 2360.
The Supreme Court’s subsequent opinion in Reed Elsevier, Inc. v. Muchnick, 559 U.S. 154, 130 S.Ct. 1237, 176 L.Ed.2d 18 (2010), explicitly recognized the distinction between statutory time limits for filing appeals and time limits or other requirements in non-appeal contexts. There, the Court stated:
In Bowles, we considered 28 U.S.C. § 2107, which requires parties in- a civil action to file a notice of appeal within 30 days.... After analyzing § 2107’s specific language and this Court’s.historical treatment of the type of limitation § 2107 imposes (i.e., statutory deadlines for filing appeals), we concluded that Congress had ranked the statutory condition as jurisdictional.... Bowles emphasized that this Court had long treated such conditions as jurisdictional, including in statutes other than § 2107, and specifically in statutes that predated the creation of the courts of appeals.
Id. at 168, 130 S.Ct. 1237 (citations omitted).
Relying on Henderson v. Shinseki, 562 U.S. 428, 131 S.Ct. 1197, 179 L.Ed.2d 159 (2011), which concerned the time limit for filings appeals to the Court of Appeals for Veterans Claims, an Article I court, the dissent suggests that Bowles does not govern “judicial review of administrative decisions.” Id. at 437, 131 S.Ct. 1197. In Henderson, the Court held that the appeal period was not jurisdictional because of the “unique administrative scheme”- that is “unusually protective of claimants.” Id. at *1016 437-38, 131 S.Ct. 1197 (internal quotation marks omitted). To be sure, Henderson initially distinguished Bowles on the ground that it “concerned an appeal from one court to another court [and t]he ‘century’s worth of precedent and practice in American courts’ on which Bowles relied involved appeals of that type.” Id. at 436, 131 S.Ct. 1197 (quoting Bowles, 551 U.S. at 209-10, 127 S.Ct. 2360). But the Court went on to discuss at length judicial review of administrative agencies, citing to Stone v. INS, 514 U.S. 386, 405, 115 S.Ct. 1537, 131 L.Ed.2d 465 (1995), which held that the deadline for seeking judicial review of final removal orders by the Board of Immigration Appeals is jurisdictional. The Henderson Court also noted that lower courts uniformly treat the time limit for review of certain final agency decisions under the Hobbs Act as jurisdictional. Henderson, 562 U.S. at 437, 131 S.Ct. 1197. The Court eventually concluded that none of its prior cases required that the appeal period from the Veterans Administration to an Article I court be jurisdictional since “[a]ll of those cases involved review by Article III courts.” Id. (emphasis added). The Henderson Court thus made clear that appeal periods to Article III courts are jurisdictional.
Since this case concerns the timeliness , of Fedora’s appeal to this court, an Article III court, Bowles — not Henderson — is the governing authority. Accordingly, this court lacks jurisdiction over petitions for review that fail to comply with the requirements of § 7703(b)(1)(A).
As the Supreme Court also made clear in Bowles, the jurisdictional nature of the timeliness requirement precludes equitable exceptions. 551 U.S. at 213-14, 127 S.Ct. 2360. Our own prior decisions have likewise held that § 7703(b)(1) is not subject to equitable tolling. Oja, 405 F.3d at 1357-60; see also Marandola v. United States, 518 F.3d 913, 914-15 (Fed. Cir. 2008) (holding that the filing requirements of 28 U.S.C. § 2107(b), Fed. R. App. P. 4(a)(1)(B), and R. Fed. Cl. 58.1 are “mandatory and jurisdictional” and cannot be waived or equitably tolled).
II
A prior version of § 7703(b)(1) provided that “any petition for review must be filed within 60 days after the date the petitioner received notice of the final order or decision of the Board.” See 5 U.S.C. § 7703(b)(1) (1998) (emphasis added). But, in 2012, this provision was amended to require “fil[ing] within 60 days after the Board issues notice of the final order or decision of the Board.” Whistle-blower Protection Enhancement Act of 2012, Pub. L. No. 112-199, § 108(a), 126 Stat. 1465, 1469 (2012) (emphasis added). By its plain terms, § 7703(b)(1)(A) as amended begins the 60-day clock on the date the Board issues notice of its final order, not the date the petitioner receives notice of that decision. Here, notice of the final decision was issued on August 15, 2014. This court did not receive the petition until October 20, 2014, 6 days after the 60-day period had run.
III
Mr. Fedora thus failed to timely file his petition for review within the 60-day period required by § 7703(b)(1)(A). Under § 7703(b)(1)(A) Mr. Fedora was required to file his petition for review “within 60 days after” August 15, 2014 — i.e., by October 14, 2014. Since filing requires actual receipt by the court, not just timely mailing, see Pinat v. Office of Pers. Mgmt., 931 F.2d 1544, 1546 (Fed. Cir. 1991); Fed. R. App. P. 25(a)(2)(A), Mr. Fedora missed the October 14, 2014 filing deadline.[2]
*1017 Mr. Fedora points out that the Board’s final order directed him to this court’s “Guide for Pro Se Petitioners and Appellants,” which incorrectly instructed that a petitioner “may file a petition for review in this court within 60 days of receipt of the Board’s decision.” App. 5. Mr. Fedora claims to have relied on this guidance in filing his petition for review. But as previously stated, we do not have the authority to equitably toll the filing requirements of § 7703(b)(1)(A). See Bowles, 551 U.S. at 213-14, 127 S.Ct. 2360; Oja, 405 F.3d at 1357-60. Moreover, the Board’s final order gave notice to Mr. Fedora regarding his rights for further review and specifically stated that the 60-day period would begin on the date the final order was issued. It imparted the importance of the filing deadline, cautioning to “be very careful to file on time” since the “court must receive [the] request for review no later than 60 calendar days after the date of [the] order.” App. 36 (citing 5 U.S.C. § 7703(b)(1)(A) and noting the revision effective December 27, 2012). Unfortunately for Mr. Fedora, he failed to follow these instructions and missed the October 14, 2014 deadline.
DISMISSED.
Costs
No costs.

. Since 60 days from August 1.9, 2014 would end on October 18, 2014, a Saturday, the period would run until Monday, October 20, 2014. See Fed. R. App. P. 26(a)(1).

. The fact that Mr. Fedora mailed his petition on October 11, 2014, within the 60-day period, is irrelevant since the court did not receive it until October 20, 2014.