NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**CLAUS BRENNDOERFER,**

*Petitioner*

**v.**

**UNITED STATES POSTAL SERVICE,**

*Respondent*

---

2017-1085

---

Petition for review of the Merit Systems Protection Board in No. CH-0752-15-0640-I-1.

---

Decided: June 8, 2017

---

CLAUS BRENNDOERFER, Collinsville, IL, pro se.

MEEN GEU OH, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by CHAD A. READLER, ROBERT E. KIRSCHMAN, JR., STEVEN J. GILLINGHAM; MICHELLE AMY OCHS WINDMUELLER, Office of the General Counsel, United States Postal Service, Washington, DC.

---

Before REYNA, SCHALL, and WALLACH, *Circuit Judges.*

Opinion for the court filed PER CURIAM.

Concurring opinion filed by *Circuit Judge* WALLACH.

PER CURIAM.

Mr. Claus Brenndoerfer petitions for review of the Merit Systems Protection Board's July 8, 2016 Initial Decision dismissing his employment termination appeal pursuant to a settlement agreement. *Brenndoerfer v. United States Postal Serv.*, No. CH-0752-15-0640-I-1, 2016 WL 3745232 (M.S.P.B. July 8, 2016). Because Mr. Brenndoerfer failed to file a timely petition for review to this court, we must *dismiss* for lack of jurisdiction.

DISCUSSION

I

In 1997, Mr. Brenndoerfer, a preference eligible veteran, began working with the United States Postal Service as a part-time Distribution Clerk in Litchfield, Illinois. In 1998, Mr. Brenndoerfer was reassigned by the Postal Service to his most recent duty station in St. Louis, Missouri, and eventually obtained a position as a full-time Maintenance Mechanic.

On July 25, 2015, the Postal Service removed Mr. Brenndoerfer from his position as a Level 7 Maintenance Mechanic. On August 24, 2015, Mr. Brenndoerfer filed a petition with the Merit Systems Protection Board challenging the Postal Service's decision to terminate his employment. On December 10, 2015, the Postal Service and Mr. Brenndoerfer, through counsel, agreed to mediate the dispute. In June, 2016, after a series of settlement negotiations, the parties came to an agreement to resolve Mr. Brenndoerfer's appeal. As part of the settlement, Mr. Brenndoerfer would receive a lump sum of $17,800 from the Postal Service and would be kept on leave without pay status from August 8, 2015 through October 31, 2016, at

which point Mr. Brenndoerfer either would retire pursuant to his retirement application or would resign, effective October 31, 2016.

On July 7, 2016, the parties submitted to the Board a fully executed settlement agreement. On July 8, 2016, the Board approved the settlement in its Initial Decision.

Because Mr. Brenndoerfer did not seek review of the Board's decision by the full Board, the initial decision became final on August 12, 2016. 5 C.F.R. § 1201.113 (stating that initial decision becomes final 35 days after issuance of the initial decision). On October 18, 2016, this court received Mr. Brenndoerfer's petition for review of the Board's decision to dismiss the case as settled.

## II

Before addressing the merits, an appeals court must ensure that it has jurisdiction over the matters appealed. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998). This court's review of final Board decisions is limited to those petitions "filed within 60 days after the Board issues notice of the final order or decision of the Board." 5 U.S.C. § 7703(b)(1)(A).[1] If that statutory deadline is not met, we cannot exercise jurisdiction in the case. *See Fedora v. Merit Sys. Prot. Bd.*, 848 F.3d 1013, 1015 (Fed. Cir. 2017); *Oja v. Dep't of the Army*, 405 F.3d 1349, 1360 (Fed. Cir. 2005) ("Compliance with the filing deadline of 5 U.S.C. § 7703(b)(1) is a prerequisite to our exercise of jurisdiction over this case."); *Monzo v. Dep't of*

---

[1] Before Congress amended this statute in 2012, the deadline was 60 days *after the petitioner received notice* of the MSPB's decision. *See* 5 U.S.C. § 7703(b)(1) (2011). However, even under the old standard we would lack jurisdiction, because Petitioner asserts on the face of his petition that he received the MSPB's order on August 19, 2016, the same date it was issued.

*Transp.*, 735 F.2d 1335, 1336 (Fed. Cir. 1984) (holding that the filing deadline under 5 U.S.C. § 7703(b)(1) is "statutory, mandatory [and] jurisdictional"); *Bowles v. Russell*, 551 U.S. 209, 210 (2007) (holding that statutory time limits for taking an appeal are jurisdictional).

With its July 8, 2016 Initial Decision pertaining to Mr. Brenndoerfer, the Board included a "Notice to Appellant," explaining that the initial decision would become final on August 12, 2016. App'x 5. The Board also included a "Notice to Appellant Regarding Your Further Review Rights," specifically stating that the Federal Circuit "must receive your request for review no later than 60 calendar days after the date this initial decision becomes final" and that Mr. Brenndoerfer should be "very careful to file on time." App'x 9.

Under § 7703(b)(1), Mr. Brenndoerfer's petition was due sixty days after the Board's Initial Decision became final on August 12, 2016, resulting in a deadline of October 11, 2016. Here, the first papers filed by Mr. Brenndoerfer with the Court were received on October 18, 2016, seven days after that deadline. Because Mr. Brenndoerfer's petition was filed after the 60-day statutory period for appeal, this court is without jurisdiction to address the merits of his case.

For the reasons stated above, this case is dismissed.

## DISMISSED

### COSTS

Each party shall bear its own costs.

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**CLAUS BRENNDOERFER,**
*Petitioner*

**v.**

**UNITED STATES POSTAL SERVICE,**
*Respondent*

---

2017-1085

---

Petition for review of the Merit Systems Protection Board in No. CH-0752-15-0640-I-1.

---

WALLACH, *Circuit Judge,* concurring *dubitante.*

Because I am bound by our precedent, *see Deckers Corp. v. United States*, 752 F.3d 949, 959 (Fed. Cir. 2014) ("[A] later panel is bound by the determinations of a prior panel, unless relieved of that obligation by an en banc order of the court or a decision of the Supreme Court."), I agree with the majority that Petitioner Claus Brenndoerfer's petition must be dismissed for lack of subject matter jurisdiction, *see* Maj. Op. 4. However, I reiterate that "[i]t may be time to ask whether" the filing deadline established by 5 U.S.C. § 7703(b)(1)(A) (2012) is jurisdictional "in light of recent Supreme Court precedent finding some statutory time limits nonjurisdictional." *Jones v. Dep't of*

*Health & Human Servs.*, 834 F.3d 1361, 1364 n.2 (Fed. Cir. 2016). Therefore, I respectfully concur *dubitante*.