# United States Court of Appeals
# for the Federal Circuit

---

**LAURENCE M. FEDORA,**
*Petitioner*

v.

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

**UNITED STATES POSTAL SERVICE,**
*Intervenor*

---

2015-3039

---

Petition for review of the Merit Systems Protection Board in No. SF-0752-13-0433-I-1.

---

## ON PETITION FOR REHEARING EN BANC

---

ERIC SHUMSKY, Orrick, Herrington & Sutcliffe LLP, Washington, DC, filed a petition for rehearing en banc for petitioner Laurence M. Fedora. Also represented by THOMAS MARK BONDY, HANNAH GARDEN-MONHEIT; CHRISTOPHER J. CARIELLO, New York, NY.

JEFFREY GAUGER, Office of the General Counsel, Merit Systems Protection Board, Washington, DC, filed a response to the petition for respondent Merit Systems

Protection Board.  Also represented by BRYAN G. POLISUK, KATHERINE M. SMITH.

RUSSELL JAMES UPTON, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, filed a response to the petition for intervenor United States Postal Service.  Also represented by CHAD A. READLER, ROBERT E. KIRSCHMAN, JR., PATRICIA M. MCCARTHY.

Before PROST, *Chief Judge*, NEWMAN, PLAGER\*, LOURIE, DYK, MOORE, O'MALLEY, REYNA, WALLACH, TARANTO, CHEN, HUGHES, and STOLL, *Circuit Judges*.

WALLACH, *Circuit Judge,* with whom NEWMAN and O'MALLEY, *Circuit Judges,* join, dissent from the denial of the petition for rehearing en banc.

STOLL, *Circuit Judge*, dissents without opinion from the denial of the petition for rehearing en banc.

PLAGER, *Circuit Judge,* dissents from the denial of panel rehearing.

PER CURIAM.

# O R D E R

Petitioner Laurence M. Fedora filed a petition for rehearing en banc.  A response to the petition was invited by the court and filed by intervenor United States Postal Service and respondent Merit Systems Protection Board.  The court requested supplemental briefing in light of the Supreme Court's holding in *Perry v. Merit System Protection Board*, 137 S. Ct. 1975 (2017), regarding our jurisdiction to hear this appeal.  Mr. Fedora responded, indicating that he elects to abandon his discrimination

---

\*    Circuit Judge Plager participated only in the decision on panel rehearing.

claims to avoid the jurisdictional concern addressed in that case. Pet'r's Resp. to Suppl. Authority, ECF No. 78. The government agrees that with this waiver, we have jurisdiction over his appeal.

The petition was first referred as a petition for rehearing to the panel that heard the appeal, and thereafter the petition for rehearing en banc and the responses were referred to the circuit judges who are in regular active service. A poll was requested, taken, and failed.

Upon consideration thereof,

IT IS ORDERED THAT:

The petition for panel rehearing is denied.

The petition for rehearing en banc is denied.

The mandate of the court will issue on July 27, 2017.

FOR THE COURT

    July 20, 2017          /s/ Peter R. Marksteiner
        Date               Peter R. Marksteiner
                           Clerk of Court

# United States Court of Appeals for the Federal Circuit

---

**LAURENCE M. FEDORA,**
*Petitioner*

v.

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

**UNITED STATES POSTAL SERVICE,**
*Intervenor*

---

2015-3039

---

Petition for review of the Merit Systems Protection Board in No. SF-0752-13-0433-I-1.

---

WALLACH, *Circuit Judge*, with whom NEWMAN and O'MALLEY, *Circuit Judges*, join, dissenting from the denial of the petition for rehearing en banc.

The Supreme Court has recognized that its "recent cases evince a marked desire to curtail . . . drive-by jurisdictional rulings, which too easily can miss the critical differences between true jurisdictional conditions and nonjurisdictional limitations on causes of action." *Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 161 (2010) (internal quotation marks, brackets, and citations omitted); *see Scarborough v. Principi*, 541 U.S. 401, 413 (2004) ("Courts, including this Court, . . . have more than occa-

sionally misused the term jurisdictional to describe emphatic time prescriptions in claim processing rules . . . ." (internal quotation marks, brackets, and citation omitted)).  In *Monzo v. Department of Transportation*, a panel of this court stated that the predecessor statute to 5 U.S.C. § 7703(b)(1)(A) (2012) is "statutory, mandatory, [and] jurisdictional."  735 F.2d 1335, 1336 (Fed. Cir. 1984) (citation omitted).  Nearly two decades later, we confirmed the jurisdictional nature of the statute, *see Oja v. Dep't of Army*, 405 F.3d 1349, 1356–60 (Fed. Cir. 2005), which provides that "any petition for review [to this court] must be filed within 60 days after the [Merit Systems Protection Board ("MSPB")] issues" its final decision, 5 U.S.C. § 7703(b)(1)(A).  By holding that the statutory provision implicated this court's subject matter jurisdiction, the panel decision foreclosed the possibility of granting a petitioner equitable tolling of the filing deadline in appeals from MSPB final decisions.  *See Oja*, 405 F.3d at 1356 ("The question [on whether the filing period of § 7703(b)(1) can be equitably tolled] was squarely addressed and decided . . . in *Monzo* . . . .").

Laurence M. Fedora petitions this court to review en banc whether the filing deadline in § 7703(b)(1)(A) is properly defined as a jurisdictional requirement.  *See Fedora v. Merit Sys. Prot. Bd.*, No. 2015-3039, Docket No. 63 at 9–20 (Fed. Cir. Mar. 27, 2017).  A panel majority applied the Supreme Court's decision in *Bowles v. Russell*, 551 U.S. 205 (2007), and our decision in *Oja*, held that § 7703(b)(1)(A) is jurisdictional, and rejected Mr. Fedora's petition for untimely filing.  *See Fedora v. Merit Sys. Prot. Bd.*, 848 F.3d 1013, 1016 (Fed. Cir. 2017).  Judge Plager dissented, summarizing the evolution of the Supreme Court case law on the distinction between jurisdictional and claims processing rules and offering strong reasons why review of *Monzo* and its progeny is warranted.  *See id.* at 1017−26 (Plager, J., dissenting).  Because this issue is sufficiently debatable and exceptionally important, *see*

Fed. R. App. P. 35(a)(2); Fed. Cir. Internal Operating Procedure #13(2), I dissent from the court's refusal to reconsider it en banc.[1]

The *Fedora* majority errs because (1) *Bowles* is not dispositive; and (2) in stating that *Bowles* controls the inquiry, *Fedora* applied an incomplete framework for review of the jurisdictional question. I discuss these points in turn.

## I. *Bowles* Is Not Dispositive

*Fedora* holds "[a]ppeal periods to Article III courts, such as the period in § 7703(b)(1), are controlled by the Court's decision in *Bowles*," 848 F.3d at 1015, which held that "the taking of an appeal within the prescribed time is 'mandatory and jurisdictional,'" *id.* (quoting *Bowles*, 551 U.S. at 209). Thus, *Fedora* distinguishes prior Supreme Court precedent solely on whether the case refers to "appeal periods to Article III courts" or to "time limits or other requirements in non-appeal contexts." *Id.* at 1016, 1015; *see id.* at 1015−16 (discussing *United States v. Kwai Fun Wong*, 135 S. Ct. 1625, 1638 (2015); *Henderson v. Shinseki*, 562 U.S. 428, 436–38 (2011); *Reed Elsevier*, 559 U.S. at 168; *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 95–96 (1990)). The distinctions may not be that simple.

Factually, *Fedora* presents a different scenario than *Bowles*. *Bowles* involved an appeal from an Article III district court to an Article III appeals court, 551 U.S. at 207; *Fedora* an appeal from an administrative tribunal to an Article III appeals court, 848 F.3d at 1014. Neither

---

[1] My opinion here applies with equal force to the orders issued concurrently today denying en banc rehearing and initial hearing en banc in *Vocke v. Merit Systems Protection Board*, No. 2016-2390, and *Musselman v. Department of the Army*, No. 2016-2522, respectively.

the Supreme Court nor this court have stated that they are equivalent. Indeed, the Federal Rules of Appellate Procedure contain one set of rules for appeals from district courts and another for appeals from administrative agencies. *Compare* Fed. R. App. P. 3–12 (discussing appeals from district courts), *with* Fed. R. App. P. 15–20 (discussing appeals from administrative agencies).

Legally, the Supreme Court has "reject[ed] the major premise of this syllogism" and has definitively stated that "*Bowles* did not hold categorically that every deadline for seeking judicial review in civil litigation is jurisdictional. Instead, *Bowles* concerned an appeal from one court to another court." *Henderson*, 562 U.S. at 436. Moreover, the Court in *Bowen v. City of New York* granted equitable tolling for a sixty-day deadline to obtain review of an administrative agency's Social Security benefits decisions in federal district court. 476 U.S. 467, 487 (1986). *Fedora* does not mention *Bowen*, and I do not think *Bowles* can controls the inquiry.

## II. The Court Has Analyzed the Question Presented Using an Incomplete Framework

In 1990, the Supreme Court in *Irwin* "adopt[ed] a more general rule to govern the applicability of equitable tolling in suits against the Government" by "hold[ing] that the same rebuttable presumption of equitable tolling applicable to suits against private defendants should also apply to suits against the United States." 498 U.S. at 95, 95–96. Subsequent cases have elaborated upon the means for rebutting this presumption and have employed a broader review of the jurisdictional/non-jurisdictional divide.[2] *Irwin* and cases following *Irwin* have laid out a

---

[2]   *Oja* held that *Irwin* did not require concluding that the filing deadline in § 7703(b)(1)(A) is a claims processing rule (i.e., the deadline is non-jurisdictional).

more inclusive test that should be applied to the review of § 7703(b)(1)(A).[3]

To determine whether the presumption of equitable tolling has been rebutted, the Supreme Court "look[s] to see if there is any clear indication that Congress wanted the rule to be jurisdictional." *Henderson*, 562 U.S. at 436 (internal quotation marks and citation omitted). This review looks "to the condition's text, context, and relevant historical treatment." *Reed Elsevier*, 559 U.S. at 1246 (citation omitted). With respect to relevant historical treatment, one strong indicia that a statute is meant to be jurisdictional is "a long line of th[e] Court's decisions left undisturbed by Congress [that] has treated a similar requirement as jurisdictional." *Id.* at 436 (internal quotation marks and citation omitted). Courts also may consider the sophistication of the average petitioner and Congress's intent in enacting the statutory scheme. *See Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 397

---

*See* 405 F.3d at 1357–60. As explained below, the Supreme Court's evolving statements on jurisdiction demonstrate that *Oja* did not afford the appropriate weight to *Irwin*.

[3] *Fedora* does not hold that *Bowles* overruled *Irwin*; rather, it distinguishes *Irwin* and other cases finding time limits non-jurisdictional because "[t]hose cases do not concern appeal periods." 848 F.3d at 1015. However, the Supreme Court has stated that its "decisions remain binding precedent until [it] see[s] fit to reconsider them, regardless of whether subsequent cases have raised doubts about their continuing vitality." *Hohn v. United States*, 524 U.S. 236, 252–53 (1998) (citation omitted). Because the Supreme Court has stated that "seeking judicial review" does not determine whether language is jurisdictional or not, *Henderson*, 562 U.S. at 436, *Irwin* cannot be distinguished in that fashion.

(1982) (recognizing that Title VII contemplates a "statutory scheme in which laymen, unassisted by trained lawyers, initiate the process" in assessing a jurisdictional prerequisite (internal quotation marks and citation omitted)); *see also Henderson*, 562 U.S. at 437 (noting certain administrative schemes that were "unusually protective of claimants" (internal quotation marks and citation omitted)); *Irwin*, 498 U.S. at 102 (discussing scheme in which "remedial statute[] should be construed in favor of those whom the legislation was designed to protect").

The Supreme Court has applied some or all of these factors in assessing the timeliness of appeals from federal administrative tribunals to Article III courts, *see Henderson*, 562 U.S. at 435−36, the timeliness of appeals from federal district courts to federal courts of appeals, *see Bowles*, 551 U.S. at 209 n.2 (basing its finding on a "century's worth of precedent" related to similar appeals), and cases involving "other types of threshold requirements," *Reed Elsevier*, 559 U.S. at 166 (footnote omitted) (finding statutory registration requirement non-jurisdictional); *see, e.g., Kwai Fun Wong*, 135 S. Ct. at 1632−38 (discussing statute's text, context, and relevant Supreme Court treatment to find time limits to initially file tort claims non-jurisdictional); *John R. Sand & Gravel Co. v. United States*, 552 U.S. 130, 137−39 (2008) (holding that well-settled Supreme Court precedent rebutted the presumption of tolling for deadline to file initial claims at the U.S. Court of Federal Claims); *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 511−15 (2006) (discussing statute's text, context, and relevant Supreme Court treatment of similar requirements to find numerosity requirement to sue non-jurisdictional).  We should review the nature of the filing deadline in § 7703(b)(1)(A) using this analysis.  Because *Fedora* and the line of cases stemming from *Monzo* in-

completely analyzed the issue at bar, we should take this opportunity to reconsider this line of cases.[4]

### III. Conclusion

It is rare for the issue before us, which more often affects pro se litigants than others, to come to the court fully briefed with the aid of counsel and with the views of the interested governmental agencies. *Cf. Jones v. Dep't of Health & Human Servs.*, 834 F.3d 1361, 1364–66 (Fed. Cir. 2016) (addressing appeal from pro se petitioner who filed the appeal before the filing window in 5 U.S.C. § 7703(b)(1)(A) began to run). Because we are the only circuit with subject matter jurisdiction over appeals from final orders of the MSPB, we must revisit our precedent when the circumstances require, both to ensure the viability of our holdings and to guarantee litigants a full opportunity to lawful relief. For these reasons and the reasons stated in Judge Plager's dissent at the panel stage, I respectfully dissent.

---

[4] The Supreme Court continues to pay close attention to whether various rules contain jurisdictional conditions. *See Hamer v. Neighborhood Hous. Servs. of Chi.*, 855 F.3d 761 (7th Cir. 2016), *cert. granted*, 85 U.S.L.W. 3409 (U.S. Feb. 27, 2017) (No. 2016-658) (granting certiorari as to whether a federal rule of appellate procedure is jurisdictional). The petition for certiorari in *Hamer* identifies a post-*Bowles* circuit-split on whether a district court can extend time to file a notice of appeal beyond the thirty days provided in the Federal Rules of Appellate Procedure. *See* Pet. for Writ of Cert., *Hamer v. Neighborhood Hous. Servs. of Chi.*, No. 2016-658, 2016 WL 6833892, at *4–5, *8–11 (U.S. Nov. 15, 2016). It appears that our sibling circuits have not taken as narrow a road in interpreting *Bowles*, even for appeals from federal district courts to federal appeals courts, as *Fedora* counsels.

# United States Court of Appeals for the Federal Circuit

---

**LAURENCE M. FEDORA,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

**UNITED STATES POSTAL SERVICE,**
*Intervenor*

---

2015-3039

---

Petition for review of the Merit Systems Protection Board in No. SF-0752-13-0433-I-1.

---

PLAGER, *Circuit Judge*, dissenting from the denial of the petition for panel rehearing.

I dissent from the denial of the petition for panel rehearing for the reasons expressed in my dissent to the panel majority opinion, and for the reasons expressed in Judge Wallach's dissent from the denial of the petition for rehearing en banc.