NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**CLIFFORD W. JONES, SR.,**
*Petitioner*

**v.**

**DEPARTMENT OF HEALTH AND HUMAN SERVICES,**
*Respondent*

---

2017-1624

---

Petition for review of the Merit Systems Protection Board in No. CH-0432-13-1527-B-1.

---

Decided: November 14, 2017

---

CLIFFORD W. JONES, SR., Cass Lake, MN, pro se.

ALISON VICKS, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by CHAD A. READLER, ROBERT E. KIRSCHMAN, JR., CLAUDIA BURKE; JEFFREY S. DAVIS, ALAN S. DORN, CRAIG HERKAL, Office of the General Counsel, United States Department of Health and Human Services, Chicago, IL.

---

Before MOORE, REYNA, and TARANTO, *Circuit Judges.*

PER CURIAM.

Clifford W. Jones, Sr. appeals from a final order of the Merit Systems Protection Board (Board) affirming his removal based on unacceptable performance. Because Mr. Jones did not file a timely petition for review, we *dismiss* for lack of jurisdiction.

## BACKGROUND

Mr. Jones worked as a Supervisory Financial Management Specialist for the Department of Health and Human Services (Agency) at the Indian Health Service Cass Lake Hospital in Cass Lake, Minnesota from February 19, 2008 to May 20, 2011. The Agency removed him after finding unacceptable performance in three critical elements of his position.

Mr. Jones filed an individual right of action appeal (IRA appeal) alleging whistleblower retaliation. The Administrative Judge (AJ) dismissed the IRA appeal for lack of jurisdiction finding no non-frivolous allegation that he had made a protected disclosure. The Board agreed with the dismissal of the IRA appeal, but found that Mr. Jones was entitled to review of his removal. In the removal appeal, the AJ found that substantial evidence supported the Agency's removal of Mr. Jones for unacceptable performance. Mr. Jones filed a petition for review with the Board. The Board issued a final order denying his petition on December 8, 2016. Mr. Jones petitioned this court for review. We received his petition on February 7, 2017.

## DISCUSSION

Before addressing the merits, we must ensure that we have jurisdiction over the matter appealed. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998).

Our review of final Board orders is limited to those petitions "filed within 60 days after the Board issues notice of the final order or decision of the Board." 5 U.S.C. § 7703(b)(1)(A). Statutory time limits for appeals are jurisdictional and cannot be equitably tolled or waived. *Bowles v. Russell*, 551 U.S. 205, 209 (2007); *Fedora v. Merit Sys. Prot. Bd.*, 848 F.3d 1013, 1015 (Fed. Cir. 2017).

To be timely filed, this court must receive a petition for review by the due date. Fed. R. App. P. 25(a)(2)(A). The Board issued notice of its final order on December 8, 2016, making Mr. Jones' petition due on February 6, 2017. 5 U.S.C. § 7703(b)(1)(A). We did not receive Mr. Jones' petition until February 7, 2017. Because "filing requires actual receipt by the court," *Fedora*, 848 F.3d at 1016, Mr. Jones did not file a timely petition.

Mr. Jones asks that we recognize his efforts to mail the petition on time and the impact of the weather in delaying delivery. While we recognize that Mr. Jones mailed his petition on February 3, 2017, we are bound by prior precedent holding that we do not have the authority to equitably toll the statutory deadline in § 7703(b)(1)(A). *See, e.g.*, *Fedora*, 848 F.3d at 1017. Because we received the petition after the 60-day statutory period for appeal expired, we do not have jurisdiction to consider the merits of the case.

## CONCLUSION

For the reasons stated above, we find that we are without jurisdiction to consider this appeal and therefore *dismiss*.

## COSTS

No costs.