NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**CHARLES E. ALLEN,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2018-1649

---

Petition for review of the Merit Systems Protection Board in No. SF-0752-08-0343-I-1.

---

Before PROST, *Chief Judge,* MOORE and REYNA, *Circuit Judges.*

PER CURIAM.

## ORDER

On September 26, 2018, we issued to the parties an order to show cause why Charles E. Allen's petition for review should not be dismissed as untimely. Specifically, we noted that Allen's petition for review was filed 72 days from the date of the letter that Allen seeks this court to review. Under 5 U.S.C. § 7703(b)(1)(A), Allen's petition should have been filed 60 days from the date of the letter.

On October 19, 2018, the Board filed its response, arguing that the petition for review is untimely under § 7703(b)(1)(A). On October 25, 2018, Allen filed a motion for continuance to show cause, explaining that he secured legal counsel and needed additional time for counsel to review the case and prepare a response. The court granted Allen's request.

On November 30, 2018, Allen, now represented by counsel, filed a response making two arguments. First, Allen maintains that the court's order to show cause is unclear as to the basis relied on by this court for its timeliness concerns. Second, Allen urges that "[f]undamental fairness requires the court to look beyond the technical application of statutory rules regarding 'time' and grant [his] request for judicial review." Pet. Response at 3. Both arguments are without merit.

In the order to show cause, we identified the specific factual and legal basis giving rise to the concern of whether Allen's petition is timely filed. Allen does not challenge that basis or offer an alternative by which this court should determine if the filing date of the petition satisfies § 7703(b)(1)(A). Allen's principal argument is that it would be unfair to rely on "a mere technicality to deny [his] request for review." Pet. Response at 3. But Allen fails to provide any legal basis that allows this court to forgo the requirements of § 7703(b)(1)(A). *See Oja v. Dep't of the Army*, 405 F.3d 1349, 1358–60 (Fed. Cir. 2005) (holding compliance with the filing deadline of § 7703(b)(1) is not subject to equitable tolling and is a prerequisite to our exercise of jurisdiction); *Fedora v. Merit Sys. Prot. Bd.*, 848 F.3d 1013, 1016 (Fed. Cir. 2017) (citing *Monzo v. Dep't of Transp.*, 735 F.2d 1335, 1336 (Fed. Cir. 1984)).

Accordingly,

IT IS ORDERED THAT:

(1) The petition for review is dismissed.

(2) Each side shall bear its own costs.


FOR THE COURT

December 11, 2018                    /s/ Peter R. Marksteiner
        Date                         Peter R. Marksteiner
                                     Clerk of Court