NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**LORING M. CANEY, JR.,**
*Petitioner*

**v.**

**DEPARTMENT OF THE TREASURY,**
*Respondent*

---

2022-2162

---

Petition for review of the Merit Systems Protection Board in No. BN-0752-87-0110-I-1.

---

**ON MOTION**

---

PER CURIAM.

## O R D E R

The Department of the Treasury (Treasury) moves to dismiss. Loring M. Caney, Jr. opposes. We conclude that we lack jurisdiction and therefore grant the motion.

From the parties' submissions, it appears that Mr. Caney was terminated from employment at Treasury and his appeal related to that action was dismissed by the

Merit Systems Protection Board in May 1991.[1]  In March 2022, Mr. Caney submitted what he characterizes as "new evidence" to the Board.  ECF No. 12 at 3.  On April 21, 2022, the Acting Clerk of the Board informed Mr. Caney by letter that his submission was being construed as a request for reconsideration of the Board's 1991 order and that the Board's regulations did not provide for further review.

On August 23, 2022, this court received from Mr. Caney a petition for review.  In that petition, Mr. Caney states that his review request is "not based on the merits of either my termination from employment; or the merits of my request for review by the MSPB" but rather the Clerk's April 21, 2022 letter, ECF No. 1 at 1.  He has since confirmed that scope of requested review in his response to Treasury's motion to dismiss.  *See* ECF No. 12 at 1 (noting that Mr. Caney is "not challenging the merits of [his] termination from employment but rather the propriety of the Board's letter of April 21, 2022.").

The court lacks jurisdiction to hear Mr. Caney's appeal from the April 21, 2022, letter.  Even if that letter qualified as a decision of the Board that could be appealed to this court under 28 U.S.C. § 1295(a)(9), the petition would nonetheless be untimely.[2]  Section 7703(b)(1)(A) mandates that a petition "shall be filed within 60 days after the Board issues notice of the final order or decision of the Board."  This deadline is jurisdictional and not subject to equitable

---

[1]    It appears that Mr. Caney filed several petitions with the Board for enforcement of a settlement agreement, but Mr. Caney's petition before this court does not seek review concerning these separate petitions for enforcement.

[2]    We note that an attempt to challenge the Board's 1991 decision would also be untimely.

tolling.  *See Fedora v. Merit Sys. Prot. Bd.*, 848 F.3d 1013, 1016 (Fed. Cir. 2017).  And here, Mr. Caney did not file his petition within 60 days from the date of the April 21, 2022, letter.

Mr. Caney has not identified any other appealable Board decision to this court.  In that regard, we note that Mr. Caney sent a second letter to the Board on May 2, 2022, that the Acting Clerk of the Board, on September 6, 2022, construed as a "request for reconsideration" and again informed Mr. Caney that the Board's regulations did not provide for further review.  ECF No. 12 at 6.  Precedent is clear that a letter from the Clerk of the Board denying a repetitive request to reopen a case "is not a final order or final decision" for purposes of section 1295(a)(9) but rather is "merely an administrative response" from the Clerk "performing only a ministerial function."  *Haines v. Merit Sys. Prot. Bd.*, 44 F.3d 998, 1000 (Fed. Cir. 1995); *see Amara v. Cigna Corp.*, 2022 WL 16847274, Slip Op. at 21 (2d Cir. Nov. 10, 2022) ("The Supreme Court has held that we lack jurisdiction over appeals from ministerial orders."); *see also Gossage v. Merit Sys. Prot. Bd.*, No. 2020-2171, 2021 WL 4521073 (Fed. Cir. Feb. 18, 2021) (concluding we lacked jurisdiction because "the Clerk of the Board's letter is nothing more than an administrative response to a repetitive request to reconsider" and not a final decision).

Accordingly,

IT IS ORDERED THAT:

(1)  The motion is granted.  The petition is dismissed.

(2)  Each party shall bear its own costs.

FOR THE COURT

December 23, 2022                    /s/ Peter R. Marksteiner
        Date                        Peter R. Marksteiner
                                    Clerk of Court

ISSUED AS A MANDATE:  December 23, 2022