NOTE:  This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**VICTOR M. CASILLAS,**
*Petitioner*

**v.**

**DEPARTMENT OF VETERANS AFFAIRS,**
*Respondent*

---

2022-2264

---

Petition for review of the Merit Systems Protection Board in No. DA-1221-22-0164-W-1.

---

**ON MOTION**

---

Before TARANTO, MAYER, and STOLL, *Circuit Judges.*

PER CURIAM.

### O R D E R

In response to this court's December 8, 2022, order to show cause, the Department of Veterans Affairs urges dismissal.  Victor M. Casillas urges transfer to a district court and separately moves for leave to proceed *in forma pauperis*.  For the reasons stated below, we dismiss.

Mr. Casillas filed an appeal at the Merit Systems Protection Board challenging his removal from the Department of Veterans Affairs. On February 24, 2022, the administrative judge assigned to the matter granted Mr. Casillas's request to withdraw the appeal. It is undisputed that Mr. Casillas did not file a petition seeking review of that decision at the Board and therefore the initial decision became the final decision of the Board on March 31, 2022. Mr. Casillas filed his petition with this court on September 19, 2022.

The timely filing of a petition from a Board decision is a jurisdictional requirement "and not subject to equitable tolling." *Fedora v. Merit Sys. Prot. Bd.*, 848 F.3d 1013, 1016 (Fed. Cir. 2017). A petition from a final decision "shall be filed within 60 days after the Board issues notice of the final order or decision of the Board." 5 U.S.C. § 7703(b)(1)(A). Here, Mr. Casillas does not dispute that he filed his petition for review far outside of this statutory deadline. We therefore lack jurisdiction over this appeal, as this court can only consider whether the petition was timely filed and cannot excuse a failure to timely file based on individual circumstances. *Cf.* Fed. R. App. P. 26(b)(2) (prohibiting the court from extending or reopening the time to petition for review "unless specifically authorized by law").

We see no basis to transfer this case to federal district court, as Mr. Casillas requests. It is true that, where the petitioner complains of an adverse personnel action appealable to the Board and alleges that a basis for the action was a listed type of discrimination, the appropriate forum is district court. 5 U.S.C. § 7703(b)(2); *Perry v. Merit Sys. Prot. Bd.*, 137 S. Ct. 1975, 1985 (2017). But it does not appear that Mr. Casillas brought such a mixed case at the Board. And even if he had, Mr. Casillas has not shown that he has been adversely affected by the Board's decision granting his own request to withdraw this appeal, such that he would be entitled to judicial review. *See* 5 U.S.C.

§ 7703(a)(1) (providing only that "[a]ny employee . . . *adversely affected or aggrieved* by a final order or decision of the . . . Board may obtain judicial review" (emphasis added)).   Under such circumstances, transfer under 28 U.S.C. § 1631 is not appropriate.

Accordingly,

IT IS ORDERED THAT:

(1)  The petition for review is dismissed, and all pending motions are denied as moot.

(2)  Each side shall bear its own costs.

FOR THE COURT

February 16, 2023                              /s/ Peter R. Marksteiner
     Date                                           Peter R. Marksteiner
                                     Clerk of Court