NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**DANIEL ASPREC NOVILLA,**
*Petitioner*

**v.**

**DEPARTMENT OF AGRICULTURE,**
*Respondent*

---

2023-1118

---

Petition for review of the Merit Systems Protection Board in No. CH-0752-19-0220-I-2.

---

Before DYK, REYNA, and CHEN, *Circuit Judges.*

PER CURIAM.

## O R D E R

In response to this court's show cause order, Daniel Asprec Novilla argues in support of this court's jurisdiction. The Department of Agriculture urges dismissal.

Mr. Novilla appealed his removal from the Department to the Merit Systems Protection Board, asserting an affirmative defense that the removal was in retaliation for filing an Equal Employment Opportunity complaint alleging harassment based on race, national origin, color, and reprisal. The Board's decision affirming the Department's

removal action became final on October 30, 2020. This court received Mr. Novilla's petition for review of that final decision on October 28, 2022.

We first turn to the Department's argument that this appeal falls outside the jurisdiction that Congress established for this court. *See* 5 U.S.C. § 7703; 28 U.S.C. § 1295. Under 28 U.S.C. § 1295(a)(9), this court has jurisdiction to review a "final order or final decision" of the Board pursuant to 5 U.S.C. § 7703(b)(1), (d). Section 7703(b)(1) sends final Board decisions to us for review except for certain "[c]ases of discrimination subject to [5 U.S.C. § 7702]," which are instead diverted to district courts. § 7703(b)(1)(A); *see* § 7703(b)(2).

Although Mr. Novilla raised a claim of discrimination before the Board, "a petitioner's explicit waiver of h[is] discrimination claims in such a case effectively converts the case to a standard appeal of the adverse personnel action—providing this court with jurisdiction to review the Board's decision (without considering any discrimination claims)." *Harris v. SEC*, 972 F.3d 1307, 1318 (Fed. Cir. 2020); *see* § 7703(b)(1)(A) (diverting only "[c]ases of discrimination" to district court). And here, Mr. Novilla filed a Statement Concerning Discrimination indicating that he has abandoned his discrimination claims raised before the Board. *See* ECF No. 12 at 3.*

Having concluded that this appeal would otherwise be subject to our jurisdiction, we turn to timeliness. The timely filing of a petition from the Board to this court is a jurisdictional requirement and "not subject to equitable tolling." *Fedora v. Merit Sys. Prot. Bd.*, 848 F.3d 1013, 1016

---

\*    While Mr. Novilla's response to the court's show cause order discussed his discrimination allegations, that submission was filed before the revised Statement Concerning Discrimination.

(Fed. Cir. 2017).  A petition for review of a final decision "shall be filed within 60 days after the Board issues notice of the final order or decision of the Board."    5 U.S.C. § 7703(b)(1)(A); *cf.* Fed. R. App. P. 26(b)(2) (prohibiting this court from extending or reopening the time to file the petition for review "unless specifically authorized by law").

Here, Mr. Novilla does not dispute that his petition was filed outside of this statutory deadline.  Rather, Mr. Novilla contends that his failure to timely file his petition for review is excusable because his prior lawyer informed him "he would file the petition for review" but in fact "never filed it," ECF No. 1-2 at 1.  While this court is sympathetic to Mr. Novilla's situation, we can only consider whether the petition was timely filed and cannot excuse a failure to timely file based on individual circumstances.  Because the appeal was untimely, we must dismiss.

Accordingly,

IT IS ORDERED THAT:

(1)  The petition for review is dismissed.

(2)  Each side shall bear its own costs.

FOR THE COURT

March 2, 2023                     /s/ Peter R. Marksteiner
      Date                            Peter R. Marksteiner
                                      Clerk of Court