NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**KELLY JO LEE,**
*Petitioner*

**v.**

**DEPARTMENT OF VETERANS AFFAIRS,**
*Respondent*

---

2023-1885

---

Petition for review of the Merit Systems Protection Board in No. DE-0432-14-0448-B-2.

---

PER CURIAM.

## O R D E R

In response to this court's June 22, 2023, order to show cause, the Department of Veterans Affairs ("DVA") urges dismissal of this petition for review as untimely. Kelly Jo Lee responds, asking this court to transfer this case to the Equal Employment Opportunity Commission ("EEOC").

Ms. Lee appealed her removal from the DVA to the Merit Systems Protection Board. The administrative judge assigned to the case issued an initial decision on November 29, 2022, affirming the agency's action. That decision became final on January 3, 2023, when Ms. Lee failed to file

a timely petition for review at the Board.  On May 10, 2023, this court received Ms. Lee's petition.

Under 5 U.S.C. § 7703(b)(1)(A), a petition for this court's review of a final decision by the Board must be filed "within 60 days after the Board issues notice of the final . . . decision."  This deadline is mandatory and jurisdictional, and thus cannot be waived or equitably tolled.  *Fedora v. Merit Sys. Prot. Bd.*, 848 F.3d 1013, 1016 (Fed. Cir. 2017).  Here, the petition was received outside of that jurisdictional deadline.  That Ms. Lee's petition was dated March 1, 2023, cannot save the petition because that statute "requires actual receipt by the court, not just timely mailing."  *Id.*; *see* Fed. R. App. P. 25(a)(2)(A).

When this court lacks jurisdiction, we may, if in the interest of justice, transfer an appeal to another court where the case could have been brought.  28 U.S.C. § 1631.  Ms. Lee requests transfer to the EEOC, but that is not a court identified in § 1631, which "includes the courts of appeals and district courts of the United States."  28 U.S.C. § 610.  Nor do we see any basis for transfer to a United States district court.  Ms. Lee has not requested such transfer, and while Ms. Lee's papers here allege her removal was retaliation for filing a grievance over denied training requests, *see,* ECF No. 1-2 at 11, 15, she has not alleged that grievance concerned a type of discrimination covered under 5 U.S.C. § 7702.  In fact, Ms. Lee has checked the box on her Statement Concerning Discrimination that she did not argue that her removal was attributable to discrimination on the basis of race, color, religion, sex, age, national origin or retaliation for pursuing Equal Employment Opportunity activity.  ECF No. 6 at 1.

Accordingly,

IT IS ORDERED THAT:

(1) The case is dismissed for lack of jurisdiction.

LEE v. DVA                                                                                                    3

(2) Each side shall bear its own costs.

FOR THE COURT

October 25, 2023                                    /s/ Jarrett B. Perlow
        Date                                        Jarrett B. Perlow
                                                    Clerk of Court