NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**MARY A. FREEMAN,**
*Petitioner*

**v.**

**OFFICE OF PERSONNEL MANAGEMENT,**
*Respondent*

---

2023-2000

---

Petition for review of the Merit Systems Protection Board in No. AT-0831-17-0566-I-1.

---

Before REYNA, TARANTO, and HUGHES, *Circuit Judges.*

PER CURIAM.

## O R D E R

In response to this court's August 2, 2023, show cause order, the Office of Personnel Management ("OPM") urges dismissal of the appeal as untimely. Mary A. Freeman urges that the court not dismiss and states that she "need[s] legal representation on this." ECF No. 14 at 1.

In its final decision issued April 3, 2023, the Merit Systems Protection Board affirmed OPM's decision that Ms. Freeman was ineligible for a deferred retirement annuity.

Ms. Freeman's petition for review was stamped as received by this court 63 days later, on June 5, 2023.

Under 5 U.S.C. § 7703(b)(1)(A), "a petition to review a final order or final decision of the Board . . . shall be filed within 60 days after the Board issues notice of the final order or decision of the Board." This court's precedent makes clear that "filing requires actual receipt by the court, not just timely mailing," and that this timeliness requirement is jurisdictional, which "precludes equitable exceptions." *Fedora v. Merit Sys. Prot. Bd.*, 848 F.3d 1013, 1016 (Fed. Cir. 2017); *see* Fed. R. App. P. 25(a)(2)(A).

Ms. Freeman's response includes a petition for review form, which she contends "was completed and received on June 2nd, 2023." ECF No. 14 at 1. The attached form, however, bears no indication that it was received on any particular date, let alone June 2, 2023. The record instead reflects that Ms. Freeman's petition was accepted for mailing by the United States Postal Service mid-afternoon on June 2, 2023, in Georgia, for delivery the next day (a Saturday), ECF No. 1-2 at 16, and that the court received her petition only on June 5, 2023, ECF No. 1-2 at 1 (stamped received "JUN 05 2023"). Since Ms. Freeman's petition was not filed within the 60-day statutory deadline, we lack jurisdiction.[*] Because we clearly lack jurisdiction under the circumstances, we conclude that appointment of counsel here is not appropriate.

---

[*] Ms. Freeman's filings suggest that she raised a discrimination claim before the Board, but as OPM correctly noted, nothing in the record suggests that Ms. Freeman alleged at the Board that OPM's underlying decision was based on discrimination, and therefore Ms. Freeman has not shown this is a case of discrimination under 5 U.S.C. § 7702 that might be subject to transfer to district court.

Accordingly,

IT IS ORDERED THAT:

(1)　The petition is dismissed for lack of jurisdiction.

(2)　Any pending motions are denied.

(3)　Each side shall bear its own costs.

FOR THE COURT

October 30, 2023　　　　　　　　　　　　/s/ Jarrett B. Perlow
　　　Date　　　　　　　　　　　　　　Jarrett B. Perlow
　　　　　　　　　　　　　　　　　　　Clerk of Court