NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ROBERT MULLIGAN, JR.,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2024-2084

---

Petition for review of the Merit Systems Protection Board in No. PH-1221-22-0154-W-1.

---

Decided: May 8, 2025

---

ROBERT MULLIGAN, JR., Red Lion, PA, pro se.

KELLY WINSHIP, Office of the General Counsel, United States Merit Systems Protection Board, Washington, DC, for respondent. Also represented by ALLISON JANE BOYLE, KATHERINE MICHELLE SMITH.

---

Before MOORE, *Chief Judge*, CLEVENGER and CHEN, *Circuit Judges*.

PER CURIAM.

Robert Mulligan, Jr. petitions for review of a decision of the Merit Systems Protection Board (Board) dismissing his Individual Right of Action appeal for lack of jurisdiction. For the following reasons, we *dismiss*.

BACKGROUND

Mr. Mulligan is a former employee of the United States Department of Defense (agency). S. Appx. 18–19.[1] After the agency terminated Mr. Mulligan, he filed a whistleblowing reprisal complaint with the United States Office of Special Counsel (OSC) alleging the agency retaliated against him for protected disclosures. *Id.* at 19. OSC subsequently informed Mr. Mulligan it had terminated its inquiry into his complaint. *Id.* Mr. Mulligan appealed to the Board. *Id.*

An administrative judge granted the agency's motion to dismiss for lack of jurisdiction because it concluded Mr. Mulligan failed to nonfrivolously allege that he made a protected disclosure or engaged in protected activity. *Id.* at 22–27. Mr. Mulligan filed a petition for review of the initial decision, which the Board denied. S. Appx. 2.

Mr. Mulligan appeals. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9) and 5 U.S.C. § 7703(b)(1).

DISCUSSION

The scope of our review of a decision of the Board is limited. Generally, we must affirm the decision unless we find it to be "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial

---

[1] "S. Appx." refers to the supplemental appendix attached to Respondent's Informal Brief.

evidence." 5 U.S.C. § 7703(c). Whether the Board has jurisdiction over an appeal is a question of law we review de novo. *Hessami v. Merit Sys. Prot. Bd.*, 979 F.3d 1362, 1367 (Fed. Cir. 2020).

Mr. Mulligan argues: (1) the Board incorrectly dismissed his appeal because he made protected disclosures and (2) dismissal before completion of discovery violated his due process rights. Pet'r's Informal Br. 2–3, 5–7. We do not reach the merits of Mr. Mulligan's arguments, however, because his petition for review is untimely.

Under 5 U.S.C. § 7703(b)(1), a petition for review "shall be filed within 60 days after the Board issues notice of the final order or decision of the Board." The Board issued its final order on May 10, 2024. S. Appx. 17. Mr. Mulligan's petition for review was due 60 days later on July 9, 2024, but we did not receive his petition until July 11, 2024—two days after the deadline. ECF No. 1 at 5–6. While Mr. Mulligan mailed his petition for review on the July 9, 2024 filing deadline, *id.* at 26, "filing requires actual receipt by the court, not just timely mailing." *Fedora v. Merit Sys. Prot. Bd.*, 848 F.3d 1013, 1016 (Fed. Cir. 2017).

The timing requirement of 5 U.S.C. § 7703(b)(1) "is not jurisdictional," and it remains an open question whether the timing requirement is subject to equitable tolling. *Harrow v. Dep't of Def.*, 601 U.S. 480, 482, 489–90 (2024). Even if equitable tolling is available, Mr. Mulligan has not carried his burden to establish its application here. "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Mr. Mulligan offered no argument in his opening brief regarding the timeliness of his appeal and did not file a reply brief after the agency raised the timeliness issue. Resp't's Informal Br. 6–9; *see generally* Pet'r's Informal Br.. Nor did Mr. Mulligan's memorandum in lieu

of oral argument, which itself was untimely, address this issue. *See* ECF No. 21. Mr. Mulligan's petition is therefore untimely.

## DISMISSED

### COSTS

No costs.