NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**RICARDO R. CASTILLEJOS,**

*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**

*Respondent*

---

2025-1219

---

Petition for review of the Merit Systems Protection Board in No. SF-0831-21-0145-M-1.

---

Decided: January 6, 2026

---

RICARDO R. CASTILLEJOS, Olongapo City, Philippines, pro se.

ELIZABETH W. FLETCHER, Office of the General Counsel, United States Merit Systems Protection Board, Washington, DC, for respondent. Also represented by ALLISON JANE BOYLE, KATHERINE MICHELLE SMITH.

---

Before DYK, PROST, and REYNA, *Circuit Judges.*

PER CURIAM.

Ricardo R. Castillejos petitions for review of a final decision of the Merit Systems Protection Board ("Board") dismissing his petition as untimely filed.  S.A. 1–11.[1]  For the following reasons, we dismiss.

## BACKGROUND

This case concerns Mr. Castillejos's effort to obtain Civil Service Retirement System benefits for his time as a federal employee of the United States Department of the Navy between 1974 and 1992.  We previously issued an opinion in this case remanding one of the Board's decisions because it improperly applied collateral estoppel.  *See Castillejos v. OPM*, No. 22-1036, 2022 WL 2092864, at *2 (Fed. Cir. June 10, 2022).

On remand, the administrative judge ("AJ") issued an initial decision affirming the Office of Personnel Management's denial of Mr. Castillejos's retirement benefits.  S.A. 3.  Mr. Castillejos petitioned for review of the AJ's initial decision.  S.A. 1.  The Board dismissed his petition as untimely filed without good cause shown.  S.A. 2.  Mr. Castillejos then petitioned this court for review.

## DISCUSSION

The Board argues that we should dismiss Mr. Castillejos's petition for review to this court because it was filed more than sixty days after the Board issued its final decision.  *See* Board's Informal Br. 5–9.  We agree.

This court has jurisdiction to review "an appeal from a final order or final decision of the [Board], pursuant to sections 7703(b)(1) and 7703(d) of title 5."  28 U.S.C. § 1295(a)(9).  Under § 7703(b)(1), "any petition for review

---

[1]  "S.A." refers to the supplemental appendix included with the Board's informal responsive brief.

shall be filed within *60 days* after the Board issues notice of the final order or decision of the Board." 5 U.S.C. § 7703(b)(1)(A) (emphasis added). It also "requires actual receipt by the court, not just timely mailing." *Fedora v. MSPB*, 848 F.3d 1013, 1016 (Fed. Cir. 2017); Fed. Cir. R. 25(c)(2).

The Board issued its final decision on August 27, 2024. S.A. 1. Under § 7703(b)(1)(A), Mr. Castillejos's petition for review was due on October 28, 2024. We received his petition on November 18, 2024. ECF No. 1-2 at 1. That is past the sixty-day deadline required by § 7703(b)(1)(A).

Although the Board acknowledges that the timing requirement of § 7703(b)(1) "is not jurisdictional," Board's Informal Br. 6 (quoting *Harrow v. Dep't of Def.*, 601 U.S. 480, 482 (2024)), it maintains that the statute does not permit equitable tolling, *id.* at 6–9. The Supreme Court in *Harrow* declined to address whether, even if non-jurisdictional, the statute permits equitable tolling. 601 U.S. at 489. We express no opinion on this issue, nor do we need to address it to resolve this case. Here, Mr. Castillejos only argues the merits of his case and fails to mention anything about the timeliness of his petition to this court. Thus, because the petition for review is untimely, and because Mr. Castillejos has supplied no basis for equitable tolling even if the statute permitted as much, we dismiss.

## CONCLUSION

We have considered Mr. Castillejos's remaining arguments and find them unpersuasive. For the foregoing reasons, we dismiss.

## **DISMISSED**

### COSTS

No costs.