Dissenting Opinion filed by Circuit Judge Plager.
Dyk, Circuit Judge.
*1223 This panel initially held that the agency had violated petitioner's procedural due process rights in connection with her discharge from federal service. See Fed. Educ. Ass'n-Stateside Region v. Dep't of Def. , 841 F.3d 1362 (Fed. Cir. 2016). The en banc court granted review and vacated the panel opinion. 873 F.3d 903 (Fed. Cir. 2017) (en banc) (per curiam). This case returns to the panel after an order by the en banc court "to dissolve the en banc court ... and refer[ ] [the case] to the original panel." Dkt. 133. We now hold that the petition for review was untimely and dismiss the petition.
I
Karen Graviss was removed by the agency from her position as a teacher working for the Department of Defense Domestic Dependent Elementary and Secondary Schools. Ms. Graviss sought review by an arbitrator, as allowed by the applicable collective bargaining agreement. The arbitrator sustained the removal in a decision dated April 20, 2015. See J.A. 2. It was mailed on the following day. On June 23, 2015, more than 60 days after the arbitration award was mailed, Ms. Graviss petitioned for review of the arbitrator's decision. The government did not object to the timeliness of the petition.
This panel initially reversed the arbitrator's decision. Then the full court granted en banc review and vacated the panel decision. Shortly before the scheduled en banc oral argument, the court discovered that there was a question as to the timeliness of petitioner's petition for review to this court. En banc oral argument, held on March 8, 2018, was directed to the timeliness issue.[1] The court then ordered supplemental briefing "to address this court's jurisdiction under 5 U.S.C. § 7703(b)(1)." 884 F.3d 1349, 1349-50 (Fed. Cir. 2018) (en banc) (per curiam). After receiving supplemental briefing, the en banc court dissolved en banc status and "referred [the case] to the original panel" to consider this court's jurisdiction in the first instance.
II
Under § 7703(b)(1), "any petition for review shall be filed within 60 days after the [Merit Systems Protection] Board issues notice of the final order or decision of the Board." Instead of appealing an adverse personnel action to the Board, an employee who is a member of a *1224 collective-bargaining unit may choose to challenge the action through arbitration, as provided in the collective-bargaining agreement. 5 U.S.C. § 7121(e). When an employee pursues arbitration, the statute specifies that "judicial review shall apply to the award of an arbitrator in the same manner and under the same conditions as if the matter had been decided by the Board." Id. § 7121(f) (emphasis added); accord S. Rep. 95-969, at 111 (1978) ("In applying the provisions of [ § 7703 ] the word 'arbitrator' should be read in place of the words 'Merit Systems Protection Board.' "), reprinted in 1978 U.S.C.C.A.N. 2723, 2833; see also Cornelius v. Nutt , 472 U.S. 648, 661 n.16, 105 S.Ct. 2882, 86 L.Ed.2d 515 (1985) ; Klees-Wallace v. FCC , 815 F.3d 805, 808 (Fed. Cir. 2016). Therefore, the statutory requirement that any petition for review must be filed within 60 days after the Board "issues notice" of a final decision applies with equal force to arbitration decisions. We have held that the time limit is jurisdictional. Fedora v. Merit Sys. Prot. Bd. , 848 F.3d 1013, 1014-16 (Fed. Cir.), petition for rehearing en banc denied , 868 F.3d 1336 (Fed. Cir. 2017) (en banc) (per curiam).
III
Here, the arbitrator's decision is dated April 20, 2015, and contains a written post mark of April 21, 2015. The decision was received by Ms. Graviss on April 27, 2015. Dkt. 1, at 2. Ms. Graviss's petition for review was received by this court on June 23, 2015. Id. at 1. Under the statutory scheme, Ms. Graviss's petition was timely filed if the start date for the limitations period for the time to appeal began on the date she received the decision, but her petition was not timely if the start date is the date of the decision or the date of the post mark.
The Board issues notice in one of two ways-either electronically or by first-class certified mail. If a party signs up for e-filing, the Board provides service of a decision by sending an email that notifies the party that a decision has been issued and provides a link to view and download the decision. MSPB Amicus Br. 8. Alternatively, if the party has not registered for e-filing, the Board serves the decision by mailing the decision to the address of record. Id. The date that the Board sends this notice-either by email or regular mail-is the date that the Board issues notice, as we held in Fedora . 848 F.3d at 1016.
Ms. Graviss contends that the arbitrator did not "issue notice" until she received the arbitration award because the arbitration award was not available to her until it was received. Unlike electronically issued Board decisions that are made available on the same day that they are issued, in general, no mechanism exists for electronic issuance of arbitrator decisions. We reject Ms. Graviss's argument.
Congress amended § 7703(b)(1) in 2012 from requiring a petition to be filed within 60 days after the date "petitioner received notice" to within 60 days after "the Board issues notice." See 5 U.S.C. § 7703(b)(1) (1998) ; Whistleblower Protection Enhancement Act of 2012, Pub. L. No. 112-199, sec. 108(a), § 7703(b)(1), 126 Stat. 1465, 1469. By its plain terms, this amendment changed the 60-day clock to begin on the date the Board or other decisionmaker issues notice, not the date the petitioner receives notice or could receive notice of the decision.
The term "issues notice" suggests the date of issuance is the date the decisionmaker distributes notice of the decision whether or not the decision is received or could be received by electing to receive notice electronically on that date. Black's Law Dictionary defines the verb *1225 "issue" as "to send out or distribute officially." Issue , Black's Law Dictionary (10th ed. 2014). Moreover, Webster's Dictionary defines the verb "issue" as "to go out or come out or flow out." Issue , Webster's Third International Dictionary (2002). We conclude that the date on which the decisionmaker "issues notice" is the date on which it sends the parties the final decision, whether electronically, by regular mail, or by other means.
Here, the arbitrator issued notice on April 21, 2015-the date of the post mark. Because 60 days from this date was a Saturday, the petition for review was due on Monday, June 22, 2015. Graviss's petition, received on June 23, 2015, was therefore untimely under § 7703(b)(1).
Ms. Graviss argues that her delay in filing is subject to equitable tolling. However, timeliness of the petition for review is a jurisdictional issue. Fedora , 848 F.3d at 1014-16 ; Oja v. Dep't of the Army , 405 F.3d 1349, 1360 (Fed. Cir. 2005) ; Monzo v. Dep't of Transp. , 735 F.2d 1335, 1336 (Fed. Cir. 1984).
The dissent urges that the Supreme Court's recent decision in Hamer v. Neighborhood Housing Services of Chicago , --- U.S. ----, 138 S.Ct. 13, 199 L.Ed.2d 249 (2017), effectively overrules our earlier decision in Fedora , finding the 60-day time limit is jurisdictional. We disagree.
Hamer concerns an appeal from one Article III court to another, and found that the time limit was not jurisdictional because it was not in a statute. The Court stated, "If a time prescription governing the transfer of adjudicatory authority from one Article III court to another appears in a statute, the limitation is jurisdictional, ... otherwise, the time specification fits within the claim-processing category." Id. at 20. This was followed by a footnote that stated in relevant part, "In cases not involving the timebound transfer of adjudicatory authority from one Article III court to another, we have additionally applied a clear-statement rule: 'A rule is jurisdictional "[i]f the Legislature clearly states that a threshold limitation on a statute's scope shall count as jurisdictional." ' " Id. at 20 n.9. (citations omitted).
The provision giving this court jurisdiction over decisions of the MSPB is titled "Jurisdiction of the United States Court of Appeals for the Federal Circuit" and states that "The United States Court of Appeals for the Federal Circuit shall have exclusive jurisdiction ... (9) of an appeal from a final order or final decision of the Merit Systems Protection Board, pursuant to sections 7703(b)(1) and 7703(d) of title 5." 28 U.S.C. § 1295. This constitutes a clear statement that our jurisdiction is dependent on the statutory time limit. This result is supported by United States v. Kwai Fun Wong , --- U.S. ----, 135 S.Ct. 1625, 191 L.Ed.2d 533 (2015), which found a time-limit for appeal to a district court from an agency nonjurisdictional. In that case, the statutory provision granting jurisdiction made no reference to the statutory provision containing the time bar. The Supreme Court noted, "Nothing conditions the jurisdictional grant on the limitations period, or otherwise links those separate provisions." Id. at 1633 ; see also Henderson v. Shinseki , 562 U.S. 428, 439-40, 131 S.Ct. 1197, 179 L.Ed.2d 159 (2011) ; Reed Elsevier, Inc. v. Muchnick , 559 U.S. 154, 164-65, 130 S.Ct. 1237, 176 L.Ed.2d 18 (2010) ; Arbaugh v. Y&H Corp. , 546 U.S. 500, 515, 126 S.Ct. 1235, 163 L.Ed.2d 1097 (2006) ; Zipes v. Trans World Airlines, Inc. , 455 U.S. 385, 393-94, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982). Here, the statutory provisions are explicitly "linked." The jurisdictional grant is expressly linked to the *1226 statutory section imposing the time bar.[2] The Court's decision in Hamer thus supports our earlier holding in Fedora that "this court lacks jurisdiction over petitions for review that fail to comply with the requirements of § 7703(b)(1)(A)." 848 F.3d at 1016.
Accordingly, this petition for review is dismissed for lack of subject-matter jurisdiction.
DISMISSED
No costs.

Before en banc oral arguments, Ms. Dorothy Lee withdrew as counsel for Federal Education Association-Stateside Region and now only represents Ms. Graviss.

The dissent suggests that the Supreme Court's decision in Kloeckner v. Solis , 568 U.S. 41, 133 S.Ct. 596, 184 L.Ed.2d 433 (2012), contradicts the majority's position. Kloeckner is irrelevant. It did not involve § 7703(b)(1), or any other provision establishing a time limit for court of appeals review, or address whether any such time limit is jurisdictional. In Kloeckner , the court simply held that § 7703(b)(2), setting time limits for filing mixed cases in district court, did not create an exemption from district court jurisdiction for procedural issues by virtue of the reference to "judicially reviewable action." Id. at 53, 133 S.Ct. 596.