# United States Court of Appeals for the Federal Circuit

---

**FEDERAL EDUCATION ASSOCIATION - STATESIDE REGION, KAREN GRAVISS,**
*Petitioners*

**v.**

**DEPARTMENT OF DEFENSE, DOMESTIC DEPENDENTS ELEMENTARY AND SECONDARY SCHOOL,**
*Respondent*

---

2015-3173

---

Petition for review of an arbitrator's decision in No. 14-1024-00182-7 by Steven G. Hoffmeyer.

---

## ON PETITION FOR REHEARING EN BANC

---

DOROTHY LOUISE LEE, Federal Education Association Stateside Region, Dublin, OH, filed a petition for rehearing en banc for petitioner Karen Graviss. Also represented by BRIAN WOLFMAN, Georgetown Law Appellate Courts Immersion Clinic, Washington, DC.

TARA K. HOGAN, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, filed a response to the petition for respondent.

Also represented by CLAUDIA BURKE, ROBERT E. KIRSCHMAN, JR., JOSEPH H. HUNT.

––––––––––––––––

Before PROST, *Chief Judge*, NEWMAN, PLAGER[*], LOURIE, DYK, MOORE, O'MALLEY, REYNA, WALLACH, TARANTO, CHEN, HUGHES, and STOLL, *Circuit Judges*.

WALLACH, *Circuit Judge,* with whom NEWMAN and O'MALLEY, *Circuit Judges,* join, dissents from the denial of the petition for rehearing en banc.

PLAGER, *Circuit Judge,* dissents from the denial of the petition for panel rehearing.

PER CURIAM.

### O R D E R

Petitioner Karen Graviss filed a petition for rehearing en banc. A response to the petition was invited by the court and filed by respondent Department of Defense, Domestic Dependent Elementary and Secondary Schools. The petition was first referred as a petition for rehearing to the panel that heard the appeal, and thereafter the petition for rehearing en banc and the response were referred to the circuit judges who are in regular active service. A poll was requested, taken, and failed.

Upon consideration thereof,

IT IS ORDERED THAT:

The petition for panel rehearing is denied.

The petition for rehearing en banc is denied.

––––––––––––––––

[*]     Circuit Judge Plager participated only in the decision on panel rehearing.

The mandate of the court will issue on December 10, 2018.

FOR THE COURT

December 3, 2018
Date

/s/ Peter R. Marksteiner
Peter R. Marksteiner
Clerk of Court

# United States Court of Appeals for the Federal Circuit

---

**FEDERAL EDUCATION ASSOCIATION - STATESIDE REGION, KAREN GRAVISS,**
*Petitioners*

**v.**

**DEPARTMENT OF DEFENSE, DOMESTIC DEPENDENTS ELEMENTARY AND SECONDARY SCHOOL,**
*Respondent*

---

2015-3173

---

Petition for review of an arbitrator's decision in No. 14-1024-00182-7 by Steven G. Hoffmeyer.

---

WALLACH, *Circuit Judge*, with whom NEWMAN and O'MALLEY, *Circuit Judges*, join, dissenting from the denial of the petition for rehearing en banc.

The Supreme Court has "held that procedural rules, including time bars, cabin a court's power only if Congress has clearly stated as much." *United States v. Kwai Fung Wong*, 135 S. Ct. 1625, 1632 (2015) (internal quotation marks, brackets, and citation omitted). In recognizing the "harsh consequences" associated with holding a time bar to be jurisdictional, the Supreme Court has "made plain that *most time bars are nonjurisdictional.*" *Id.* (emphasis added). This appeal raises the issue of whether 5 U.S.C.

§ 7703(b)(1)(A) (2012), which provides that "any petition for review shall be filed within [sixty] days after the [Merit Systems Protection Board ('MSPB')] issues notice of the final order or decision," is jurisdictional.

The majority held § 7703(b)(1)(A)'s sixty-day filing deadline is jurisdictional in the belief that another statute in a different title of the U.S. Code setting forth our exclusive jurisdiction "of an appeal from a final order or final decision of the [MSPB], pursuant to [§] 7703(b)(1) and [§] 7703(d) of title 5," 28 U.S.C. § 1295(a)(9) (2012), provides "*a clear statement* that our jurisdiction is dependent on the statutory time limit" in § 7703(b)(1)(A), *Fed. Educ. Ass'n v. Dep't of Def.* (*FEA*), 898 F.3d 1222, 1225 (Fed. Cir. 2018) (emphasis added).  The majority, therefore, dismissed Petitioner Karin Graviss's appeal because her petition for review was received *one day late* and, on that basis, refused to consider her request for equitable tolling of the sixty-day filing deadline.  *Id.* at 1225–26.  I respectfully submit that this interpretation of the filing deadline as jurisdictional is inconsistent with Supreme Court precedent.

DISCUSSION

I. Congress Must Clearly State that a Filing Deadline Is Jurisdictional

The Supreme Court recently addressed the distinction between jurisdictional and nonjurisdictional filing deadlines.  "If a time prescription governing the transfer of adjudicatory authority from one Article III court to another appears in a statute, the limitation is jurisdictional; otherwise, the time specification fits within the claim-processing category." *Hamer v. Neighborhood Hous. Servs. of Chi.*, 138 S. Ct. 13, 20 (2017) (citations and footnote omitted).  However, "[i]n cases not involving the timebound transfer of adjudicatory authority from one Article III court to another," as is the case here, the Supreme Court has "applied a clear-statement rule,"

holding "[a] rule is jurisdictional if the Legislature clearly states that a threshold limitation on a statute's scope shall count as jurisdictional." *Id.* at 20 n.9 (internal quotation marks, brackets, and citation omitted).[1]

"To determine whether Congress has made the necessary clear statement, we examine the 'text, context, and relevant historical treatment' of the provision at issue." *Musacchio v. United States*, 136 S. Ct. 709, 717 (2016) (citation omitted). While "magic words" are not required, "traditional tools of statutory construction must *plainly show* that Congress imbued a procedural bar with jurisdictional consequences." *Kwai Fun Wong*, 135 S. Ct. at 1632 (emphasis added). Under the clear-statement rule, "most time bars are nonjurisdictional." *Id.*; *see id.* ("Time and again, we have described filing deadlines as 'quintessential claim-processing rules,' which 'seek to promote the orderly progress of litigation,' but do not deprive a court of authority to hear a case." (quoting *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 435 (2011))).

---

[1] To the extent the majority's opinion relies on our pre-*Hamer* case law, *see FEA*, 898 F.3d at 1225 (first citing *Fedora v. Merit Sys. Prot. Bd.*, 848 F.3d 1013, 1014–16 (Fed. Cir. 2017); then citing *Oja v. Dep't of the Army*, 405 F.3d 1349, 1360 (Fed. Cir. 2005); then citing *Monzo v. Dep't of Transp.*, 735 F.2d 1335, 1336 (Fed. Cir. 1984)), the Supreme Court's unanimous *Hamer* decision leaves no doubt that it is time to revisit our pre-*Hamer* precedent, *see Fedora v. Merit Sys. Prot. Bd.*, 868 F.3d 1336, 1339–40 (Fed. Cir. 2017) (Wallach, J., dissenting from the denial of the petition for rehearing en banc).

## II. Congress Has Not Clearly Stated that § 7703(b)(1)(A)'s Sixty-Day Filing Deadline Is Jurisdictional

### A. Section 7703(b)(1)(A)'s Text

Section 7703(b)(1)(A)'s sixty-day filing deadline does not contain the hallmarks of a jurisdictional statute. Section 7703(b)(1)(A) includes two sentences. The first sentence states: "[e]xcept as provided in [§ 7703(b)(1)(B) and § 7703(b)(2)], a petition to review a final order or final decision of the [MSPB] shall be filed in the United States Court of Appeals for the Federal Circuit." 5 U.S.C. § 7703(b)(1)(A). The second sentence reads: "[n]otwithstanding any other provision of law, *any petition for review shall be filed within* [*sixty*] *days* after the [MSPB] issues notice of the final order or decision of the [MSPB]." *Id.* (emphasis added). While the first sentence defines *which* cases may be filed, the second sentence simply identifies *when* these cases ordinarily should be filed. *See id.* Section 7703(b)(1)(A) does not limit our "authority to hear untimely suits" or cabin our "equitable power[]" to toll the filing deadline. *Kwai Fun Wong*, 135 S. Ct. at 1633; *see id.* at 1632 ("Congress must do something special, beyond setting an exception-free deadline, to tag a statute of limitations as jurisdictional and so prohibit a court from tolling it."). Instead, the second sentence reads as a claim-processing rule, even though it sets forth the sixty-day filing deadline by using the mandatory phrase "shall be filed." 5 U.S.C. § 7703(b)(1)(A); *see Kwai Fun Wong*, 135 S. Ct. at 1632 (explaining that "even when the time limit is important (most are) and even when it is framed in mandatory terms (again, most are)," filing deadlines are considered claim-processing rules, rather than jurisdictional prerequisites, no matter "how[] emphatically expressed those terms may be" (internal quotation marks, brackets, and citation omitted)).

The majority errs by reading § 7703(b)(1)(A)'s two sentences as together imposing a jurisdictional requirement. For instance, in *Kloeckner v. Solis*, the Supreme Court addressed whether another filing deadline in § 7703(b), specifically in subsection (b)(2), should be considered jurisdictional and held the filing deadline is *nonjurisdictional*. *See* 568 U.S. 41, 52–53 (2012). Section 7703(b)(2) has a two-sentence structure, with its first sentence identifying pursuant to which statutory sections "[c]ases of discrimination subject to the provisions of [§] 7702 of this title shall be filed." 5 U.S.C. § 7703(b)(2). Section 7703(b)(2)'s second sentence provides that "[n]otwithstanding any other provision of law, *any such case filed under any such section must be filed within* [*thirty*] *days* after the date the individual filing the case received notice of the judicially reviewable action under such [§] 7702." *Id.* (emphasis added). Rather than merge these two separate sentences in interpreting § 7703(b)(2), the Supreme Court treated them as separate for jurisdictional purposes. *Kloeckner*, 568 U.S. at 53. The Supreme Court explained that, although "[t]he first sentence defines *which* cases should be brought in district court[] rather than in the Federal Circuit," "[t]he second sentence . . . states *when* those cases should be brought[,]" and the second sentence "does not . . . further define *which* timely-brought cases belong in district court." *Id.* The Supreme Court held that the "second sentence" "is nothing more than a filing deadline" and therefore not a jurisdictional requirement. *Id.* at 52.

Section 7703(b)(1)(A) employs the same two-sentence structure as § 7703(b)(2), with the first sentence authorizing *which* cases may be brought and the second sentence establishing *when* those cases should be brought. *Compare* 5 U.S.C. § 7703(b)(1)(A), *with id.* at § 7703(b)(2). Only by merging the two sentences in § 7703(b)(1)(A)—the opposite of what Supreme Court did in *Kloeckner*—can the sixty-day filing deadline be read as jurisdictional.

*See* 568 U.S. at 53. Read properly, however, it is clear that the filing deadline in § 7703(b)(1)(A) "does not speak in jurisdictional terms or refer in any way to [our] jurisdiction." *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 394 (1982) (footnote omitted). Thus, § 7703(b)(1)(A)'s text does not treat the sixty-day filing deadline as jurisdictional.

## B. Statutory Context

The statutory context and legislative history favor interpreting § 7703(b)(1)(A) as a claim-processing rule, rather than as imposing a jurisdictional requirement. Section 7703(b)(1)(A) is found in chapter 77 of title 5 of the U.S. Code, which is entitled "Appeals" and contains provisions on the procedures to submit an appeal to the MSPB, *see* 5 U.S.C. § 7701; the process by which to seek review of actions involving discrimination before both the MSPB and the Equal Employment Opportunity Commission, *see id.* at § 7702; and the means to seek judicial review of an MSPB decision, *see id.* § 7703. Placement of the sixty-day deadline in a chapter involving the *process* to obtain additional review highlights the filing deadline's claim-processing nature. Further, § 7703's mention of judicial review, alone, is not sufficient to render the entire section jurisdictional. *See, e.g.*, *Bowen v. City of N.Y.*, 476 U.S. 467, 480 (1986) (granting equitable tolling, even where a statutory subsection titled "[j]udicial review" provided a sixty-day deadline to obtain review of an agency's Social Security benefits decision in federal court); *see also* 42 U.S.C. § 405(g) ("Judicial review"). In addition, the statute that confers upon us jurisdiction over appeals from the MSPB, i.e., § 1295(a)(9), is housed in an entirely different title of the U.S. Code, thereby implying a "structural divide built into the statute." *Kwai Fun Wong*, 135 S. Ct. at 1633; *see id.* ("Congress's separation of a filing deadline from a jurisdictional grant indicates that the time bar is not jurisdictional."). The legislative history of § 1295 confirms that the purpose of this statute is to

identify *which* cases, by subject matter, are within our jurisdiction, rather than *which timely-brought* cases are within our jurisdiction. *See, e.g.*, S. Rep. No. 97-275, at 3 (1981), *as reprinted in* 1982 U.S.C.C.A.N. 11, 13 (explaining that "the Federal Circuit differs from other [f]ederal courts of appeal . . . in that its jurisdiction is defined in terms of subject matter rather than geography," and mentioning, in the same paragraph, that we have jurisdiction over appeals from the MSPB).

The majority contends § 7703(b)(1)(A)'s sixty-day deadline is imbued with jurisdictional qualities because § 1295(a)(9) cross-references that section, *see FEA*, 898 F.3d at 1225–26, by stating that "the Federal Circuit shall have exclusive jurisdiction . . . of an appeal from a final order or final decision of the [MSPB], *pursuant to* [*§*] *7703(b)(1) and* [*§*] *7703(d)*," 28 U.S.C. § 1295(a) (emphasis added). However, this cross-reference hardly constitutes a *clear statement* by Congress that the sixty-day deadline is jurisdictional. *Cf. Gonzalez v. Thaler*, 565 U.S. 134, 145 (2012) (finding a statutory subsection "does not speak in jurisdictional terms," where that subsection included a cross-reference to a jurisdictional subsection, because "Congress set off the requirements in distinct paragraphs and, rather than mirroring their terms, excluded the jurisdictional terms in one from the other"). The sixty-day deadline is mentioned in one sentence of the two cross-referenced provisions, i.e., § 7703(b)(1) and § 7703(d), with the cross-referenced provisions containing two subsections each and a total of fourteen sentences. *See* 5 U.S.C. § 7703(b)(1), (d). Although the Supreme Court has observed that "[§] 1295(a)(9) and [§] 7703(b)(1) together appear to provide for exclusive jurisdiction over MSPB decisions in the Federal Circuit" in holding that the Federal Circuit is not barred from hearing "disability retirement claims," *Lindahl v. Office of Pers. Mgmt.*, 470 U.S. 768, 792 (1985), the Supreme Court did not decide the question of whether *the filing deadline* is jurisdiction-

al and, as discussed above, nothing in § 7703(b)(1)(A)'s second sentence clearly indicates that it is, *see* 5 U.S.C. § 7703(b)(1)(A).

The majority apparently believes that § 1295(a)(9)'s cross-reference transforms the entirety of § 7703(b)(1) and § 7703(d) into jurisdictional requirements, but that cannot be the case. For instance, § 7703(d) provides for judicial review of an MSPB decision, where it is, inter alia, sought "by the Director of the Office of Personnel Management," and explains "[t]he granting of the petition for judicial review shall be *at the discretion* of the Court of Appeals." 5 U.S.C. § 7703(d)(1) (emphasis added); *see Devine v. Nat'l Treasury Emps. Union*, 737 F.2d 1031, 1033 (Fed. Cir. 1984) (describing "our review of the case [a]s *discretionary* under . . . § 7703(d)"). The use of discretionary language in allowing judicial review is at odds with the requirement that we hear cases within our jurisdiction. *See Cohens v. Virginia*, 19 U.S. 264, 404 (1821) ("It is most true that this Court will not take jurisdiction if it should not[;] but it is equally true[] that it must take jurisdiction if it should."). Therefore, I agree with Judge Plager, who dissented from the majority's decision and explained that, if § 1295(a)(9) applies, "it logically applies only to the first sentence [of § 7703(b)(1)(A)] regarding the jurisdictional grant, leaving the second sentence—the time-to-file statement"—as nonjurisdictional. *FEA*, 898 F.3d at 1231 (Plager, J., dissenting). The "[m]ere proximity" of the second sentence, which contains the sixty-day deadline, to the first sentence is insufficient to "turn a rule that speaks in nonjurisdictional terms into a jurisdictional hurdle." *Gonzalez*, 565 U.S. at 147; *see Sebelius v. Auburn Reg'l Med. Ctr.*, 568 U.S. 145, 155 (2013) ("A requirement we would otherwise classify as nonjurisdicitonal . . . does not become jurisdictional simply because it is placed in a section of a statute that also contains jurisdictional provisions." (citation omitted)). Accordingly, the statutory context does not provide the

requisite clear statement to treat § 7703(b)(1)(A)'s filing deadline as jurisdictional.

## C. Historical Treatment

The relevant historical treatment of the provision does not aid the majority's interpretation. When considering historical treatment, "a long line of th[e Supreme] Court's decisions[,] left undisturbed by Congress," that "treat[] a similar requirement as jurisdictional" creates a presumption "that Congress intended to follow that course." *Henderson*, 562 U.S. at 436 (internal quotation marks and citation omitted); *see Bowles v. Russell*, 551 U.S. 205, 209 n.2 (2007) (looking to "a century's worth of precedent" in evaluating historical treatment). Here, the majority does not identify a long line of Supreme Court precedent to support its interpretation, and there is no such precedent addressing whether § 7703(b)(1) is jurisdictional, given that Article III courts did not have jurisdiction to review appeals from the MSPB until it was created in 1978. *See* Civil Service Reform Act of 1978, Pub. L. No. 95-454, § 205, 92 Stat. 1111, 1143 (1978). While not representing a long line of Supreme Court precedent, *Kloeckner*'s December 2012 interpretation of § 7703(b)(2)'s thirty-day filing deadline as nonjurisdictional is, in my assessment, the most relevant decision, as it sheds light on the Supreme Court's view of an analogous statutory provision. *See* 568 U.S. at 52–53. Since *Kloeckner* was decided, Congress has twice amended § 7703, without altering § 7703(b)(2). *See* All Circuit Review Act, Pub L. No. 115-195, § 2, 132 Stat. 1510, 1510 (2018); All Circuit Review Extension Act, Pub. L. No. 113-170, § 2, 128 Stat. 1894, 1894 (2014). Therefore, § 7703(b)(1)(A)'s historical treatment does not favor treating the sixty-day filing deadline as jurisdictional.

## CONCLUSION

The Supreme Court's "recent cases evince a marked desire to curtail . . . drive-by jurisdictional rulings, which

too easily can miss the critical differences between true jurisdictional conditions and nonjurisdictional limitations on causes of action." *Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 161 (2010) (internal quotation marks, brackets, and citations omitted). The majority improperly erects a jurisdictional hurdle and dismisses Ms. Graviss's Petition for Review, which was filed only one day late, by refusing to recognize that § 7703(b)(1)(A)'s sixty-day filing deadline is a claim-processing rule. I believe this case raises a question of exceptional importance with the majority's holding directly contrary to binding Supreme Court precedent, and I respectfully dissent from denial of the petition for rehearing en banc.

# United States Court of Appeals for the Federal Circuit

---

**FEDERAL EDUCATION ASSOCIATION –
STATESIDE REGION, KAREN GRAVISS,**
*Petitioners*

**v.**

**DEPARTMENT OF DEFENSE, DOMESTIC
DEPENDENTS ELEMENTARY AND SECONDARY
SCHOOL,**
*Respondent*

---

2015-3173

---

Petition for review of an arbitrator's decision in No. 14-1024-00182-7 by Steven G. Hoffmeyer.

---

PLAGER, *Circuit Judge*, dissenting from the denial of the petition for panel rehearing.

As I have previously noted in dissent, the parties have been waiting eight years to resolve this case. After its convoluted history in this court, the case is now resolved by the panel dismissing the appeal for want of appellate jurisdiction, and the full court's denial of the petition for *en banc* review.

In dismissing the appeal, the panel majority relied on an earlier case, *Fedora v. Merit Systems Protection Board*,[1] in which the panel majority held that the time to appeal in these types of cases was per se 'mandatory and jurisdictional.' But as I explained in my dissent in *Fedora* (we were the same three-judge panel in that case as in this one), the statutory time requirement to appeal a case from an agency to an Article III court is not per se mandatory and jurisdictional—the rule is and has been to the contrary. See *Hamer v. Neighborhood Housing Services of Chicago*, 138 S. Ct. 13 (2017), decided after our *Fedora* case, unequivocally explaining and confirming the rule.

Our current approach thus ignores clear instruction from the Supreme Court on the treatment of statutory time bars. We should follow those instructions and treat the applicable time bar in this case as nonjurisdictional, and thus subject to equitable tolling, waiver, and forfeiture. And we may not simply ignore the Court's treatment as nonjurisdictional in years past of similar statutory provisions.

In denying panel rehearing, we failed to apply binding Supreme Court precedent to a matter of fundamental, threshold importance—this court's jurisdiction to hear cases brought by aggrieved federal employees. Now the full court, after some going back and forth, has denied *en banc* review. Thus, regrettably, we once again invite the Supreme Court to correct our errors.

For all the reasons explained in greater detail in my dissenting opinion, as well as for the reasons expressed in Judge Wallach's well-written dissent from the denial of the petition for rehearing *en banc*, I respectfully dissent from the denial of the petition for panel rehearing.

---

[1]    848 F.3d 1013 (Fed. Cir. 2017).