NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**DIANA RAMIREZ,**

*Petitioner*

**v.**

**DEPARTMENT OF HOMELAND SECURITY, U.S. CITIZENSHIP AND IMMIGRATION SERVICES,**

*Respondent*

---

2018-1098

---

Petition for review of an arbitrator's decision in No. FMCS 17-1168-1 by Byron Berry.

---

Decided: December 7, 2018

---

DIANA RAMIREZ, National City, CA, pro se.

RICHARD PAUL SCHROEDER, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by JOSEPH H. HUNT, ROBERT E. KIRSCHMAN, JR., FRANKLIN E. WHITE, JR.

---

Before O'MALLEY, MAYER, and REYNA, *Circuit Judges.*

PER CURIAM.

Petitioner Diana Ramirez appeals from an arbitrator's decision sustaining her demotion from her position as an Immigration Services Officer with U.S. Citizenship and Immigration Services. On August 19, 2017, the arbitrator emailed the parties to notify them that the decision was in the mail. S.A. 12. The decision itself, however, is dated August 20, 2017. S.A. 10. Ramirez filed her petition for review on October 24, 2017, sixty-five days after the August 20 date of the decision. S.A. 11. On March 30, 2018, we stayed this appeal pending our disposition of *Federal Education Association – Stateside Region v. Department of Defense*, No. 2015-3173 ("*FEA*"). *See* Dkt. 20. Consistent with our recently issued decision in *FEA*, we now lift the stay of proceedings and *dismiss* the petition as untimely.

A petition for review of an arbitrator's decision must be filed within sixty days after the arbitrator "issues notice" of that decision. *Fed. Educ. Ass'n-Stateside Region v. Dep't of Def., Domestic Dependents Elementary & Secondary Sch.*, 898 F.3d 1222, 1224 (Fed. Cir. 2018). "[T]he date on which the decisionmaker 'issues notice' is the date on which it *sends* the parties the final decision, either electronically, by regular mail, or by other means." *Id.* at 1225. (emphasis added). Here, the arbitrator purported to mail the decision on or before August 19, 2017. Ramirez filed her petition more than sixty days later, and it was therefore untimely under § 7703(b)(1). Even assuming that the arbitrator's decision was mailed as late as August 20—the date that appears on the face of the document itself—Ramirez's petition is still untimely.

We have held that the "timeliness of the petition for review is a jurisdictional issue." *Id.* at 1224. Ramirez's delay in filing is therefore not subject to equitable tolling.

Bound by this precedent, we have no choice but to dismiss Ramirez's petition.

Accordingly, this petition for review is *dismissed* for lack of subject matter jurisdiction.

### DISMISSED

COSTS

No costs.