NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**LINDA BROWN,**
*Petitioner*

**v.**

**OFFICE OF PERSONNEL MANAGEMENT,**
*Respondent*

---

2024-2021

---

Petition for review of the Merit Systems Protection Board in No. CH-831M-22-0164-I-1.

---

Decided:  February 7, 2025

---

LINDA BROWN, Elizabethtown, KY, pro se.

MATTHEW LEWIS, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent.  Also represented by BRIAN M. BOYNTON, CLAUDIA BURKE, PATRICIA M. MCCARTHY.

---

Before LOURIE, MAYER, and PROST, *Circuit Judges*.

PER CURIAM.

Linda Brown appeals the final decision of the Merit Systems Protection Board ("board") rejecting her challenge to the computation of her retirement annuity. For the reasons discussed below, we dismiss her appeal as untimely filed.

## I. BACKGROUND

After Brown retired from her position with the Department of the Army in September 2013, the United States Office of Personnel Management ("OPM") issued an initial calculation of her Civil Service Retirement System ("CSRS") annuity. J.A. 12. Brown subsequently challenged OPM's initial calculation. J.A. 13. On February 13, 2015, OPM recalculated Brown's annuity, concluding that her monthly annuity rate should have been $7718 rather than $7711. J.A. 13.

OPM later determined that its February 2015 recalculation of Brown's monthly annuity rate had been incorrect, and it attempted to collect the overpayments that were made to her. J.A. 13–14. Brown then filed a series of appeals with the board, challenging OPM's calculation of her monthly annuity rate as well as its attempt to collect the overpayments that were made to her. J.A. 15–16.

On March 13, 2023, an administrative judge ("AJ") issued an initial decision holding that OPM had correctly calculated Brown's annuity. J.A. 11–28. The AJ concluded that "OPM's calculations [were] mathematically accurate and consistent with applicable rules and regulations," J.A. 27–28, and that "the data upon which the calculations [were] based" was consistent with Brown's "years of service, her salary, and the benefits she elected," J.A. 28. The AJ noted, moreover, that "OPM ha[d] waived overpayment collection efforts and/or credited [Brown] for overpayments" it had previously collected. J.A. 27.

Brown then petitioned for review of the AJ's initial decision. On April 25, 2024, the board issued a final order

stating that it saw "no reason to disturb the [AJ's] finding that OPM's calculations [were] correct." J.A. 3. Although the board largely affirmed the AJ's initial decision, making it the board's final decision, it corrected an apparent typographical error in the initial decision, J.A. 2, and clarified that the board had "jurisdiction over [Brown's] claim of 'lost' sick leave," J.A. 3. This appeal followed.

## II. DISCUSSION

The scope of our review in an appeal from a decision of the board is circumscribed by statute. *See* 5 U.S.C. § 7703(c); *Rocha v. Merit Sys. Prot. Bd.*, 688 F.3d 1307, 1310 (Fed. Cir. 2012). We must affirm a board decision unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c).

The government urges this court to dismiss Brown's appeal as untimely filed. Pursuant to 5 U.S.C. § 7703(b)(1)(A), any petition to review a final order or final decision of the board must be filed with this court "within [sixty] days after the [b]oard issues notice of the final order or decision." Our precedent makes clear that this sixty-day filing period begins to run when the board issues notice of its final decision, not when a petitioner receives that decision. *See Fed. Educ. Ass'n-Stateside Region v. Dep't of Def., Domestic Dependents Elementary & Secondary Schs.*, 898 F.3d 1222, 1224 (Fed. Cir. 2018) (explaining that "the 60-day clock" begins to run "on the date the [b]oard or other decisionmaker issues notice [of a decision], not the date the petitioner receives notice or could receive notice of the decision"), *overruled on other grounds*, *Harrow v. Dep't of Def.*, 601 U.S. 480 (2024). Because Brown's petition for review was not received by this court until June 26, 2024, *see* ECF No. 1, sixty-two days after the board issued notice of its final decision on April 25, 2024, J.A. 9, it was untimely.

In *Harrow*, the Supreme Court held that the sixty-day time limit to petition this court for review of a final board decision is not jurisdictional. 601 U.S. at 483–89. In doing so, the Court emphasized that "a run-of-the-mill 'filing deadline'" does not "demarcate a court's power." *Id.* at 484 (quoting *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 435 (2011)).

Although the government acknowledges that *Harrow* held that the sixty-day time limit set out in section 7703(b)(1)(A) is not jurisdictional, it nonetheless contends that this time limit is still mandatory and thus not subject to equitable tolling. In support, it argues that when Congress enacted section 7703(b)(1)(A)'s time limit for filing a petition for review with this court, it did so against the backdrop of Rule 26(b) of the Federal Rules of Appellate Procedure, which prohibits courts from extending the time for filing "a petition to enjoin, set aside, suspend, modify, enforce, or otherwise review an order of an administrative agency" or "board," except as "specifically authorized by law." Fed. R. App. P. 26(b).

Here, we need not, and therefore do not, resolve the issue of whether, as the government contends, the time limit set out in section 7703(b)(1)(A) is mandatory and therefore not subject to equitable tolling. Even if we assume, for the sake of argument, that section 7703(b)(1)(A)'s sixty-day time limit can be tolled in appropriate situations, we conclude that Brown has not demonstrated extraordinary circumstances sufficient to meet the long-standing criteria required for the application of such tolling.

The equitable tolling doctrine "permits a court to pause a statutory time limit 'when a litigant has pursued his rights diligently but some extraordinary circumstance prevents him from bringing a timely action.'" *Cal. Pub. Emps.' Ret. Sys. v. ANZ Secs., Inc.*, 582 U.S. 497, 507 (2017) (quoting *Lozano v. Montoya Alvarez*, 572 U.S. 1, 10 (2014)); *see also Arbas v. Nicholson*, 403 F.3d 1379, 1381–82 (Fed. Cir.

2005) (explaining that equitable tolling may be available where physical or mental incapacity prevents the timely filing of an appeal). Invocation of the doctrine is not appropriate, however, where a litigant has not exercised due diligence in preserving his legal rights, *see Irwin v. Dep't of Veterans Affs.*, 498 U.S. 89, 96 (1990); *Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 151 (1984), or in situations involving "garden variety claim[s] of excusable neglect," *Irwin*, 498 U.S. at 96.

Brown fails to establish that she pursued her rights diligently or that any extraordinary circumstance prevented her from filing her appeal in a timely manner. In her informal response brief, she states that she "does not own a desktop or functioning printer but uses a tablet with no word processing that often cannot download nor access documents [and] thus cannot efile." Pet. Inf. Reply Br. 1. Brown does not allege, however, that she was unable to use a printer or computer owned by a friend or family member to file her petition for review. Nor does she allege that she was unable to utilize the printing and computing resources commonly available both at public libraries and at commercial establishments such as Staples® and UPS® stores. Importantly, moreover, Brown does not explain how she was able to file her petition for review with this court on June 26, 2024, and yet was unable to file that petition at an earlier date. Because Brown fails to show that her untimely filing was due to "an obstacle outside [her] control," *Menominee Indian Tribe of Wis. v. United States*, 577 U.S. 250, 257 (2016), we conclude that she has not demonstrated entitlement to tolling of the sixty-day filing deadline. *See, e.g., Baldwin*, 466 U.S. at 151 ("One who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence.").

We note, moreover, that even if Brown's petition for review had been timely filed, she fails to show error in the board's decision affirming OPM's calculation of her CSRS annuity. While Brown asserts that she deserves to be

credited for seven, rather than three, days of excess CSRS contributions, the board properly concluded that she was only entitled to be credited for three days. *See* J.A. 19–20. Pursuant to 5 U.S.C. § 8342(h), excess CSRS contributions are applied to any deposit due beginning on the first day of the first month which starts after an employee has performed sufficient civilian service to be entitled to the maximum CSRS annuity. Thus, although Brown had worked long enough to be entitled to the maximum CSRS annuity as of August 27, 2013, she was only entitled to have excess contributions made after September 1, 2013, the first day of the following month, credited to the CSRS deposit she owed. *See* J.A. 20 (explaining that Brown's "excess contributions [were] correctly calculated to begin on September 1, 2013," which was the first day of the first month after her August 2013 "maximum service date").

We reject, moreover, Brown's assertion that OPM improperly made a deduction to her monthly annuity pursuant to 5 C.F.R. § 831.303(a). As the board correctly determined, that regulation required Brown's total annuity to be reduced to account for the deposit she owed, but had not paid, for the period between July 21, 1971, and October 15, 1971, when CSRS retirement contributions were not withheld from her salary. *See* J.A. 11–12, 19, 22–23. We have considered Brown's remaining arguments but do not find them persuasive.

### III. CONCLUSION

Accordingly, the appeal from the final decision of the Merit Systems Protection Board is dismissed.

**DISMISSED**

COSTS

No costs.