NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**HEATHER A. BOYD,**
*Petitioner*

**v.**

**DEPARTMENT OF THE TREASURY,**
*Respondent*

---

2025-1128

---

Petition for review of the Merit Systems Protection Board in No. SF-0752-15-0128-I-1.

---

Decided:  November 6, 2025

---

HEATHER A. BOYD, Honolulu, HI, pro se.

BORISLAV KUSHNIR, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent.  Also represented by ELIZABETH MARIE HOSFORD, PATRICIA M. MCCARTHY, YAAKOV ROTH.

---

Before LOURIE, STOLL, and STARK, *Circuit Judges*.

PER CURIAM.

Former Internal Revenue Service ("IRS") employee Heather A. Boyd petitions for review of a final decision of the Merit Systems Protection Board ("the Board"), which affirmed the dismissal of her appeal in SF-0752-15-0128-I-1. S.A. 1–10.[1]  For the following reasons, we dismiss her appeal as untimely filed.

## BACKGROUND

In October 2012, the Department of the Treasury ("the agency") removed Boyd from her position as a Tax Specialist for the IRS on "charges of failure to follow a managerial directive and failure to properly secure her government-issued laptop computer." *Id.* at 2.  Boyd and the IRS then entered into a Last Chance Agreement ("LCA"), converting the removal to a suspension. *Id.*  As part of the LCA, Boyd agreed to comply with various conditions, any violation of which could result in her termination. *Id.*  Notably, she waived her right to appeal the "procedures or merits" of any future termination action, *id.* at 28, but "retain[ed] the right to challenge whether or not she breached the" LCA, *id.* at 27.  In other words, Boyd could challenge an agency decision finding that she had breached the LCA, but she waived her right to challenge the merits of her termination. *See id.* at 27–28.  The LCA was to remain in effect from November 2012 through October 2014. *Id.* at 2.

In October 2014, Boyd was involved in two incidents which the agency found to violate the terms of the LCA. *Id.* at 3.  The agency thus terminated her employment. *Id.*  She appealed to the Board, arguing that she did not violate the LCA and should not have been terminated. *See id.*  An administrative judge ("AJ") found that Boyd had violated the LCA and the LCA was not unenforceable. *Id.* at 16, 18.

---

[1] S.A. refers to the Supplemental Appendix filed with the agency's Informal Response Brief.

The AJ then dismissed her appeal for lack of jurisdiction due to waiver. *Id.* at 3, 18–19. In September 2015, the Board issued a final decision affirming the AJ's determination. *Id.* at 2.

Boyd now petitions for review by this court. *See* ECF No. 18-2 ("Pet'r Inf. Op. Br.") at 1. The agency, however, asks us to dismiss the appeal as untimely. ECF No. 31 ("Inf. Resp. Br.") at 9–12.

## DISCUSSION

We agree with the agency that Boyd's appeal is untimely. Boyd's petition comes approximately nine years after the Board's final decision. *See* Pet'r Inf. Br. at 1 (Nov. 2024); S.A. at 1 (Sept. 2015). Boyd, however, was required to file her petition for appeal from the Board within 60 days from the date the Board issued notice of its decision. *See* 5 U.S.C. § 7703(b)(1). Because she did not do so, her petition was untimely. *See id.*

But our analysis need not end there. The Supreme Court has determined that section 7703(b)(1)'s timing requirement is non-jurisdictional, but did not determine if it is subject to equitable tolling. *See Harrow v. Dep't of Def.*, 601 U.S. 480, 489–90 (2024) (holding that section 7703(b)(1)'s deadline is non-jurisdictional, but leaving the issue of equitable tolling for remand). "[E]quitable tolling pauses the running of, or 'tolls,' a statute of limitations when a litigant has pursued [her] rights diligently but some extraordinary circumstance prevents [her] from bringing a timely action." *Lozano v. Montoya Alvarez*, 572 U.S. 1, 10 (2014).

Even if equitable tolling were available for litigants subject to section 7703(b)(1), a question we do not resolve on this appeal, Boyd would not have met her burden to

establish its application.[2]  "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that [s]he has been pursuing [her] rights diligently, and (2) that some extraordinary circumstance stood in [her] way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).  Boyd makes no showing in her Informal Opening Brief as to the diligent pursuit of her rights or that any extraordinary circumstances stood in her way from bringing a timely appeal.  *Cf.* Pet'r Inf. Op. Br. 2–3.  In her Informal Reply Brief, Boyd states that the Board's final order "was not delivered until ten years subsequent to the date of issuance."  ECF No. 49 ("Pet'r Inf. Rep. Br.") at 14.  She also argues that the MSPB process is "unclear [and] confusing."  *Id.* at 3.

Boyd's arguments are unpersuasive.  First, Boyd has not satisfied her burden that she "has been pursuing [her] rights diligently," *see Pace*, 544 U.S. at 418, as she provides no evidence of her assertion regarding the ten-year delay of delivery.  *Cf.* Pet'r Inf. Rep. Br. at 7–13, 16–22.  Second, Boyd's 60-day clock began on the date the Board issued notice of its final decision—in September 2015.  *See* 5 U.S.C. § 7703(b)(1)(A) ("any petition for review shall be filed within 60 days after the Board *issues notice* of the final order or decision of the Board" (emphasis added); *Fed. Educ. Ass'n-Stateside Region v. Dep't of Def., Domestic Dependents Elementary & Secondary Sch.*, 898 F.3d 1222, 1224 (Fed. Cir. 2018), *overruled on other grounds by Harrow*, 601 U.S. 480 (2024); S.A. at 1.  And Boyd was given clear notice of her appeal rights and timeline in the Board's final decision.  *See* S.A. at 9 (giving notice of the 60-day deadline and warning "to be very careful to file on

---

[2] The agency argues our decision in *Oja v. Department of the Army*, 405 F.3d 1349 (Fed. Cir. 2005), resolves the issue of equitable tolling.  Given that Boyd cannot satisfy the requirements of equitable tolling, we do not reach a conclusion on this argument.

time"). She was also given resources to further assist with her appeal. *See id.* (referencing an appeal guide for pro se petitioners). Accordingly, Boyd's arguments would not constitute "extraordinary circumstances" to justify equitable tolling. *See Lozano*, 572 U.S. at 10.

## CONCLUSION

For the foregoing reasons, we dismiss Boyd's appeal. We do not reach the merits.

## DISMISSED

### COSTS

The parties shall bear their own costs.