NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**IRINA FARQUHAR,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2025-1670

---

Petition for review of the Merit Systems Protection Board in Nos. DC-0432-23-0635-I-1, DC-1221-17-0296-B-1.

---

Decided: April 13, 2026

---

IRINA FARQUHAR, Burke, VA, pro se.

KELLY WINSHIP, Office of the General Counsel, United States Merit Systems Protection Board, Washington, DC, for respondent. Also represented by KATHERINE MICHELLE SMITH.

---

Before TARANTO, CUNNINGHAM, and STARK, *Circuit Judges*.

PER CURIAM.

Irinia Farquhar served as an Operations Research Analyst with the Department of Army (Department) until the Department removed her from service in 2017. Ms. Farquhar sought relief from the Merit Systems Protection Board (Board), alleging that the Department wrongfully removed her because she made whistleblower disclosures protected under 5 U.S.C. § 2302. After a hearing, the Board-assigned administrative judge (AJ), treating the appeal as an individual-right-of-action (IRA) appeal, ruled that Ms. Farquhar had not established a prima facie case of reprisal, but the Board remanded the matter on procedural grounds, and on remand a second appeal—an appeal of a performance-based removal—was added to the first. The AJ ultimately dismissed both cases for failure to prosecute. S. Appx. 11–20.[1]

Ms. Farquhar petitioned the Board for review, and the Board joined the two cases and issued a decision affirming the dismissals. *Farquhar v. Department of the Army*, Nos. DC-1221-17-0296-B-1, DC-0432-23-0635-I-1, 2025 WL 458234, at *1 n.2, 2 (M.S.P.B. Feb. 10, 2025) (*Final Decision*). Ms. Farquhar then petitioned this court for review, but her petition was not received within the sixty-day statutory filing period. ECF No. 1. We now dismiss Ms. Farquhar's petition as untimely.

I

In August 2016, the Department proposed to remove Ms. Farquhar from her Operations Research Analyst position for failure to contribute adequately to the

---

[1] "S. Appx." refers to the appendix submitted with the Board's brief.

Department's mission. S. Appx. 31. A few days later, Ms. Farquhar filed a complaint with the Office of Special Counsel, alleging that her proposed removal was retaliation for protected disclosures that she made in 2015 and 2016. *Id.* The Department proceeded with the removal process and removed her effective January 7, 2017. *Id.*

In February 2017, Ms. Farquhar appealed her removal to the Board. *Id.* The AJ, after initially considering the appeal as a performance-based removal appeal under 5 U.S.C. § 7701, interpreted the challenge as an IRA appeal under 5 U.S.C. §§ 1214(a)(3), 1221(a). *Id.* The AJ held a hearing and then determined that Ms. Farquhar did not establish a prima facie case of reprisal because her alleged disclosures were not protected under 5 U.S.C. § 2302 and did not contribute to the Department's removal decision. S. Appx. 32–33. Ms. Farquhar sought review by the Board, which ruled that Ms. Farquhar had not been informed of the mutually exclusive mechanisms for challenging her removal (*i.e.*, the IRA and performance-based-removal paths). S. Appx. 36–37 (discussing 5 U.S.C. §§ 2302(b)(1), 7121(g), 7701). The Board remanded the appeal "for re-docketing as an appeal of [Ms. Farquhar's] performance-based removal." S. Appx. 39.

On July 31, 2023, the AJ issued an acknowledgement order in the IRA appeal case (No. DC-1221-17-0296-B-1) and docketed the performance-based action case (No. DC-0432-23-0635-I-1). S. Appx. 28, 42. The AJ also scheduled a telephonic status conference, covering both cases, for August 10, 2023. S. Appx. 17. Ms. Farquhar did not attend the meeting. S. Appx. 44, 47. The AJ then issued orders on August 10 in both cases, directing Ms. Farquhar to show good cause for her absence within seven calendar days, and scheduled a follow-up status conference for eleven days later. S. Appx. 44–49. Ms. Farquhar did not respond to the August 10 orders or attend the meeting. S. Appx. 12–13.

On August 21, 2023, the AJ issued second show cause orders in both cases, which provided that both cases would be dismissed with prejudice if she failed to respond within three calendar days. S. Appx. 50–55. Ms. Farquhar never responded. S. Appx. 14, 18–19. On August 25, 2023, the AJ dismissed both cases for failure to prosecute. S. Appx. 11–20.

Ms. Farquhar timely petitioned the Board for review in October 2023, and, on February 10, 2025, the Board denied the petition, affirming and adopting the AJ's decisions. *Final Decision*, at *2. Ms. Farquhar argued that she had been unable to comply with the AJ's orders because she was receiving outpatient care out of state. *Id.* But the Board determined Ms. Farquhar had not shown that the AJ abused his discretion in the dismissals because she failed to establish that she was incapacitated during the relevant time period and thus unable to respond to the AJ. *Id.* The Board noted that she even "acknowledged that if she had received the administrative judge's attempts to contact her by [tele]phone, she would have been capable of participating" in the proceedings. *Id.* The Board issued notice of its decision to Ms. Farquhar the day of the decision. *Id.* at *1, 3–5.

Ms. Farquhar petitioned this court for review under 5 U.S.C. § 7703(b). We received the petition—that is, it was filed with us—on April 17, 2025, which is sixty-six days after the Board's *Final Decision* was issued. ECF. No. 1. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

II

We may set aside the Board's decision only if it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). Relief in Ms. Farquhar's favor is foreclosed on two independent grounds. First, we dismiss the

petition for review to us as having been untimely filed. Second, we conclude that, if we were to reach the merits, we would hold that Ms. Farquhar has not shown reversible error in the Board's ruling.

## A

The Board argues that we should dismiss Ms. Farquhar's petition for review as untimely. Board Response Br. at 6–9. We agree.

The governing statute provides that "any petition for review shall be filed within 60 days after the Board issues notice of the final order or decision of the Board." 5 U.S.C. § 7703(b)(1)(A). This filing period "begin[s] on the date the Board . . . issues notice, not the date the petitioner receives notice or could receive notice of the decision." *Federal Education Association-Stateside Region v. Department of Defense, Domestic Dependents Elementary and Secondary Schools*, 898 F.3d 1222, 1224 (Fed. Cir. 2018), *overruled on other grounds by Harrow v. Department of Defense*, 601 U.S. 480, 489–90 (2024). There being no contrary provision of law applicable to the present case, which involves a pro se paper filing, "filing [of papers] is not timely unless the clerk [of this court] receives the papers within the time fixed for filing." Fed. R. App. P. 25(a)(2)(A)(i); *see Pinat v. Office of Personnel Management*, 931 F.2d 1544, 1546 (Fed. Cir. 1991) ("[A]n appeal is filed when it is received at the court, not when it was signed by an appellant."). This court therefore had to receive a petition from Ms. Farquhar within 60 days after February 10, 2025, *i.e.*, by April 11, 2025. But we did not receive Ms. Farquhar's petition until April 17, 2025, which was six days late. Ms. Farquhar filed no reply brief in this court to demonstrate timeliness.[2]

---

[2]    On October 21, 2025, Ms. Farquhar moved to extend the deadline to file a reply brief. ECF. No. 16. In her motion, she directed the court to a purported timely filed

In this case, we do not need to consider whether equitable tolling is available to excuse untimeliness under 5 U.S.C. § 7703(b)(1)(A). The Supreme Court in *Harrow* did not decide that question when it held that § 7703(b)(1)(A) is not a matter of this court's *jurisdiction*, while noting that "'nonjurisdictional [timing rules] are presumptively subject to equitable tolling.'" 601 U.S. at 489–90 (quoting *Boechler v. Commissioner*, 596 U.S. 199, 209 (2022)). We need not answer the question here because Ms. Farquhar did not provide any briefing to this court on the untimeliness problem of her petition and did not request equitable tolling. *See* Petitioner's Opening Br. at 1–3; Add. 1–20.[3] Ms. Farquhar thus has not carried her burden of establishing that equitable tolling is warranted here, *i.e.*, has not shown "(1) that [she] has been pursuing [her] rights diligently, and (2) that some extraordinary circumstance stood in [her] way" of filing on time. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

We therefore dismiss the petition for review.

## B

Even if we entertained Ms. Farquhar's challenge on its merits, we would deny relief. Ms. Farquhar has not shown

---

email containing her petition for review. *Id.* at 15–16. The court has no record of receiving that purported email. ECF No. 17 at 4. The court extended the deadline for filing a reply brief to December 16, 2025, stating that Ms. Farquhar could seek to support her email contention in such a brief (with any needed supplemental appendix). Ms. Farquhar never filed a reply brief. Ms. Farquhar thus failed to provide any independent evidence that her appeal was timely filed.

[3]    "Add." refers to the addendum submitted with the Petitioner's brief.

that the Board abused its discretion in affirming the dismissals of her appeals.

Under 5 C.F.R. § 1201.43(b), "[i]f a party fails to prosecute or defend an appeal, the [administrative] judge may dismiss the appeal with prejudice or rule in favor of the appellant." Ms. Farquhar does not dispute that she failed to appear for the two scheduled status conferences at issue and failed to respond to the two show cause orders despite multiple telephone calls from the AJ. S. Appx. 12–14, 17–19, 47, 53. She has not shown error in the Board's rejection of her proffered reasons for her absences and non-responsiveness. She argued that she was undergoing outpatient care out of state and was unaware of the proceedings and orders. *Final Decision*, at \*2. But the Board reasonably determined that Ms. Farquhar had not established that she was unable to participate in the proceedings. *Id.* That is enough even if she was unaware of the relevant proceedings, at least where, as here, there is no showing of due diligence in trying to remain aware of orders in her own case.

## III

The petition for review is dismissed as untimely.

The parties shall bear their own costs.

**DISMISSED**